CYNTHIA SMOCK *et al.*, Plaintiffs-Appellants, v. MARSHALL HALE, Defendant-Appellee (Passavant Hospital, Defendant).

Fourth District   No. 4—89—0673

Opinion filed May 17, 1990.—Rehearing denied June 25, 1990.

Wayne R. Golomb, of Springfield, for appellant.

Heyl, Royster, Voelker & Allen, of Peoria (Karen L. Kendall, Frederick P. Velde, and Francis J. Lynch, of counsel), for appellee.

PRESIDING JUSTICE KNECHT delivered the opinion of the court:

In this malpractice action, the defendant succeeded in disqualifying the sole disclosed medical expert for the plaintiff in the pretrial setting. He then filed for summary judgment on the ground the plaintiff had failed to show any present ability to offer competent expert testimony on the applicable standard of medical care. The circuit court thereafter disposed of the action on a motion for summary judgment (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005(c)). We now reverse and remand.

In light of the issues raised on appeal, the following chronology of events is noted:

The plaintiff, Cynthia Smock, is a former obstetrical patient of the defendant family practice physician, Dr. Marshall Hale, M.D. She consulted the defendant to supervise her pregnancy. A normal pregnancy was precluded by her past history of Crohn's disease (i.e., severe inflammation of the. intestinal tract). In the 38th week of her pregnancy, the plaintiff experienced abdominal pain with rectal bleeding. The defendant had her admitted for emergency medical treatment at Passavant Area Hospital in Jacksonville, Illinois. She was diagnosed as suffering a life-threatening gastrointestinal hemorrhage. The defendant immediately employed nonoperative treatment methods in an attempt to stabilize the medical condition of the plaintiff. These methods proved unsuccessful as the plaintiff succumbed to shock resulting in the intrauterine demise of the fetus. The defendant then ordered surgery to remove the fetus and to repair the intestinal perforation. Upon recovery from surgery, the plaintiff was discharged from the hospital with treatment continuing for her Crohn's disease.

The plaintiff filed her medical malpractice complaint in the circuit court of Morgan County on August 14, 1985. She initially named Hale as the defendant. She subsequently named Passavant Area Hospital as a codefendant. The complaint apparently alleges negligent medical care of a pregnant patient with a past history of Crohn's dis-

ease. Although the circuit court allowed the plaintiff leave to amend her complaint on four separate occasions, no copies were included in the record on appeal.

The circuit court took an active role in the pretrial management of the action. The circuit court entered its initial discovery schedule order on December 8, 1986. (107 Ill. 2d Rules 218, 220.) The order set forth the following schedule for discovery: (1) disclosure of expert witnesses for the plaintiff by February 9, 1987, with the completion of any depositions by March 31, 1987; (2) disclosure of expert witnesses for the defendants by May 11, 1987, with the completion of any depositions by June 30, 1987; and (3) commencement of jury trial on July 28, 1987.

On February 5, 1987, the plaintiff disclosed her list of expert witnesses in the action. She proposed a single medical expert: Dr. Richard Taylor, M.D., a board-certified gastrointestinal surgeon.

The circuit court entered its second discovery schedule order on March 30, 1987. The order set forth the following revised schedule for discovery in the action: (1) completion of any depositions on the expert witness for the plaintiff by May 15, 1987; (2) disclosure of expert witnesses for the defendants by July 15, 1987, with completion of any depositions by September 1, 1987; and (3) commencement of jury trial on October 26, 1987.

The circuit court entered its third discovery schedule order on May 1, 1987. The order set forth the following revised schedule for discovery in the action: (1) completion of any depositions on the expert witness for the plaintiff by June 12, 1987, and (2) disclosure of expert witnesses for the defendants by August 12, 1987, with completion of any depositions by September 29, 1987; and (3) commencement of jury trial apparently remaining on October 26, 1987.

The circuit court entered its final discovery schedule order on July 31, 1987. The order set forth the following revised schedule for discovery in the action: disclosure of expert witnesses for the defendants by August 31, 1987, with completion of any depositions apparently remaining by September 29, 1987.

On September 10, 1987, the defendant disclosed his list of expert witnesses in the action. He proposed two medical experts: (1) Dr. Steven Holt, M.D., a gastroenterologist, and (2) Dr. John E. Sutherland, M.D., a family practice physician.

On September 28, 1987, ending its pretrial management role, the circuit court entered an order setting the action for trial on February 1, 1988. That trial date was ultimately vacated because of the death of the presiding judge. Another judge ruled on several matters until

a third judge took over responsibility for the case in mid-1988.

On December 18, 1987, the plaintiff, without the leave of the circuit court, disclosed an addition to her list of expert witnesses in the action. She proposed a second medical expert: Dr. Stephen B. Hanauer, M.D., her treating gastroenterologist.

On January 6, 1988, the defendant filed a motion to strike Hanauer as a medical expert in the action. The motion alleged the plaintiff had failed to disclose Hanauer as an expert witness in a timely manner. (107 Ill. 2d R. 220.) The circuit court granted the motion to strike on April 21, 1988.

On June 17, 1988, the defendant filed a motion to disqualify Taylor as a medical expert in the action. The motion alleged Taylor had failed to establish his familiarity with the standard of medical care applicable to a family practice physician in downstate Illinois. (107 Ill. 2d R. 220; Ill. Rev. Stat. 1987, ch. 110, par. 8—2501.) The circuit court granted the motion to disqualify on March 2, 1989.

The circuit court entered the following finding in support of its order:

"Dr. Taylor stated in his deposition he did not know of the existence of a medical speciality in the field of family practice, he was unfamiliar with the standards and qualifications for becoming a board-certified family physician, and that he did not know the applicable standards of care for one so certified. As a consequence he may not give an opinion concerning Dr. Hale's alleged deviation from the applicable standard of care."

On July 29, 1988, the plaintiff filed a motion to amend her list of medical experts to include all treating physicians as witnesses. The defendant responded with his objection to that motion on August 10, 1988. The circuit court denied the motion to amend on March 2, 1989.

On October 28, 1988, the plaintiff filed a motion to strike Sutherland as a medical expert in the action. The motion alleged Sutherland had not cooperated in setting up a time schedule for taking his deposition. The defendant filed his response to that motion on November 9, 1988. The circuit court denied the motion to strike on November 21, 1988.

On April 7, 1989, the defendant filed a motion for summary judgment in the action. The motion alleged the plaintiff had failed to show any present ability to offer competent medical testimony on the applicable standard of medical care. The plaintiff filed her response to that motion on June 23, 1989. The circuit court entered an interlocutory summary judgment in favor of the defendant on July 31, 1989.

On June 27, 1989, the plaintiff filed a motion to vacate the order disqualifying Taylor as a medical expert in the action. The circuit court denied the motion on July 7, 1989.

On June 27, 1989, the plaintiff also filed a motion to vacate the initial order scheduling discovery in the action and the order striking Hanauer as a medical expert in the action. The circuit court granted the motion to vacate as to the latter request for leave to disclose additional expert witnesses. On July 10, 1989, the circuit court, acting on its own motion, reconsidered that order and ultimately denied the motion to vacate in its entirety.

The circuit court offered the following statement to explain its *sua sponte* reconsideration of the motion to vacate:

"Said order does violence to good procedure and was entered in sympathy for plaintiff's plight without giving due consideration for defendant Hale's nearly four years of case preparation."

On August 17, 1989, the plaintiff filed a motion to vacate the entry of the interlocutory summary judgment. The circuit court denied the motion to vacate and entered a formal written order granting summary judgment in favor of the defendant on August 21, 1989.

On July 20, 1989, the plaintiff filed a motion for voluntary dismissal of the action. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1009.) The defendant responded with his objection to that motion on the same date. The circuit court denied the voluntary dismissal motion on July 31, 1989, and later made that denial part of the written order entered on August 21, 1989.

On August 28, 1989, the plaintiff filed a timely notice of appeal from the entry of summary judgment in the action.

The defendant initially challenges the notice of appeal filed by the plaintiff in the action. He contends the notice of appeal only confers jurisdiction on the appellate court to review the propriety of the entry of summary judgment. (107 Ill. 2d R. 303(c)(2).) This contention is necessarily based on a literal reading of the contents described in the notice of appeal.

■ A litigant perfects an action on review by filing a timely notice of appeal in the circuit court. (107 Ill. 2d Rules 301, 303, 606.) The notice of appeal must specify both "the judgment *** appealed from and the relief sought from the reviewing court." (107 Ill. 2d R. 303(c)(2).) Accordingly, the reviewing court has jurisdiction over only those matters raised in the notice of appeal. *Lewanski v. Lewanski* (1978), 59 Ill. App. 3d 805, 815, 375 N.E.2d 961, 968.

The notice of appeal is to be liberally construed in the absence of

prejudice to the litigants. It therefore follows the notice of appeal may be construed to bring up for review an earlier unspecified order where that order is a step in the procedural progression to the specified order. *Burtell v. First Charter Service Corp.* (1979), 76 Ill. 2d 427, 434-35, 394 N.E.2d 380, 383.

■ In her notice of appeal, the plaintiff describes the judgment appealed from as "the Final Order *** entered *** in this cause on August 21, 1989, which declared judgment for the Defendant-Appellee and against the Plaintiff-Appellant." It is apparent, however, the plaintiffs also intended to perfect review over two earlier unspecified orders in the action. The first order resulted in the disqualification of the medical expert for the plaintiff; the second order closed the schedule for discovery. These two orders directly contributed to the entry of summary judgment. Given the interrelationship between the specified and the unspecified orders, the notice of appeal is sufficient to confer jurisdiction on the appellate court to review the propriety of all these orders.

The plaintiff contends the circuit court erred in disqualifying Taylor as a medical expert in the action.

■ A medical malpractice action, in terms of pleading, is no different from any other negligence tort action. In order to plead a cause of action for medical malpractice, the plaintiff patient bears the burden of proving "[1] the proper standard of care against which the defendant physician's conduct is measured; [2] an unskilled or negligent failure to comply with the applicable standard; and [3] a resulting injury proximately caused by the physician's want of skill or care." (*Purtill v. Hess* (1986), 111 Ill. 2d 229, 241-42, 489 N.E.2d 867, 872; *Walski v. Tiesenga* (1978), 72 Ill. 2d 249, 255-56, 381 N.E.2d 279, 282.) Absent proof of negligent medical care, the plaintiff patient is precluded from recovery against the defendant physician for malpractice.

The malpractice apparently alleged here is the negligent care of a pregnant patient with a past history of Crohn's disease by her family practice physician. This is not a situation in which laypersons could evaluate any lack of medical skill on the part of the defendant physician without the aid of testimony from an expert witness. *Walski*, 72 Ill. 2d at 256, 381 N.E.2d at 282.

Section 8—2501 of the Code of Civil Procedure states the standards for expert witnesses in medical malpractice actions. (Ill. Rev. Stat. 1987, ch. 110, par. 8—2501.) Section 8—2501 became effective on August 15, 1985.

Section 8—2501 provides:

"In any case in which the standard of care given by a medical profession is at issue, the court shall apply the following standards to determine if a witness qualifies as an expert witness and can testify on the issue of the appropriate standard of care.

(a) Relationship of the medical specialties of the witness to the medical problem or problems and the type of treatment administered in the case;

(b) Whether the witness has devoted a substantial portion of his or her time to the practice of medicine, teaching or University based research in relation to the medical care and type of treatment at issue which gave rise to the medical problem of which the plaintiff complains;

(c) whether the witness is licensed in the same profession as the defendant; and

(d) whether, in the case against a non-specialist, the witness can demonstrate a sufficient familiarity with the standard of care practiced in this State." Ill. Rev. Stat. 1987, ch. 110, par. 8—2501.

The determination of whether a licensed physician is qualified to testify as a medical expert in a malpractice action is a matter resting within the sound discretion of the circuit court. (*Landers v. Ghosh* (1986), 143 Ill. App. 3d 94, 102, 491 N.E.2d 950, 956.) In making this determination, the circuit court is to weigh and balance the educational and employment background of the proposed expert to ensure his familiarity with the medical issues in the malpractice action. (Ill. Rev. Stat. 1987, ch. 110, par. 8—2501.) Ultimately, the qualification determination of the circuit court rests on its verification that the proposed expert has predicated his medical opinion on the prevailing "local" or "national" standard of care. *Purtill*, 111 Ill. 2d at 247, 489 N.E.2d at 874-75.

Under the aforementioned standards, the circuit court erred in refusing to qualify Taylor as a medical expert in the action. (See *Moss v. Gibbons* (1989), 180 Ill. App. 3d 632, 636-37, 536 N.E.2d 125, 127-28.) Taylor is a physician licensed to practice medicine in Florida. He has specialized his medical practice in the surgical treatment of intestinal (*i.e.*, colon and rectum) diseases. In the course of practicing medicine, Taylor has published articles on the treatment of both inflammatory intestinal diseases and intestinal perforations. He has also successfully treated pregnant patients with a history of Crohn's disease. Thus, these experiences, taken together, ensure that Taylor was familiar with the medical issue in this action.

In contrast, the fact Taylor professed little knowledge of the fam-

ily practice certification procedures should not have been the decisive element in the qualification determination of the circuit court. Such knowledge would not have aided the trier of fact in resolving the action. At his deposition, Taylor testified a national standard applied in reviewing the medical care and treatment of patients with Crohn's disease. In turn, Sutherland, the defendant's witness, conceded a national standard would properly apply in reviewing such malpractice actions. As a result, the circuit court should have found Taylor qualified to testify as a medical expert. See *Sadnick v. Doyle* (1987), 157 Ill. App. 3d 279, 510 N.E.2d 603; see also *Slezak v. Girzadas* (1988), 167 Ill. App. 3d 1045, 522 N.E.2d 132.

The plaintiff next contends the circuit court erred in refusing to vacate its scheduling order for discovery in the action.

■ The circuit court is authorized to enter orders scheduling discovery in all actions. (107 Ill. 2d Rules 218, 220.) The purpose behind discovery schedule orders is "to insure fair and equitable preparation for trial by all parties." 107 Ill. 2d R. 220(b)(1).

A discovery schedule order is subject to revision at the discretion of the circuit court. Revision is generally appropriate to accommodate changes in the circumstances of the action. Absent an abuse of that discretion, the revision determination of the circuit court will not be altered on review. *Barliant v. Follett Corp.* (1977), 53 Ill. App. 3d 101, 106, 368 N.E.2d 654, 657, *rev'd on other grounds* (1978), 74 Ill. 2d 226, 384 N.E.2d 316.

This action is factually similar to *Cometo v. Foster McGaw Hospital* (1988), 167 Ill. App. 3d 1023, 522 N.E.2d 117. In that malpractice action, as here, the plaintiff proposed a single witness as his medical expert. After the witness refused to testify at trial, the defendants filed a motion for summary judgment on grounds the plaintiff had failed to show any present ability to offer competent expert testimony on the applicable standard of medical care. In turn, the plaintiff filed a response citing the willingness of the witness to now testify at trial. The defendants then moved to strike the response of the plaintiff as being a violation of the discovery schedule orders entered in the action. At the hearing on these motions, the circuit court struck the response of the plaintiff and granted summary judgment in favor of the defendants. On appeal, the plaintiff argued the circuit court erred in entering summary judgment because changes in the circumstances of his legal position had instead warranted the reopening of discovery in the action. Given the lack of abusive discovery practices on the part of the plaintiff, the appellate court reversed the entry of summary judgment and reopened discovery to allow the plaintiff to disclose ad-

ditional expert witnesses in the action.

■■ The circuit court initially acted within its authority in entering the scheduling order for discovery in the action. To preserve the sanctity of its order, the circuit court had to sanction the plaintiff for failing to disclose her expert medical witnesses in a timely manner. (107 Ill. 2d R. 220.) The effect of that sanction, however, together with the erroneous witness disqualification order, effectively precluded the plaintiff from presenting the full factual basis of her cause. As in *Cometo*, there is no evidence the plaintiff engaged in any abusive discovery practices in the action. To the contrary, the trial judge specifically found plaintiff had not engaged in abusive discovery practices. The delay in the disposition of the cause may be attributed to the difficulties both litigants experienced in securing qualified medical experts as well as the unforeseen circumstances which necessitated assignment of several different judges to the case. Thus, the adverse change in the legal position of the plaintiff warrants revision of the discovery schedule on remand. See *Jones v. Petrolane-Cirgas, Inc.* (1989), 186 Ill. App. 3d 1030, 542 N.E.2d 1186.

The plaintiff last contends the circuit court erred in entering summary judgment in the action.

■■ Summary judgment is a drastic remedy. As a result, the circuit court must act with great caution in entering summary judgment to avoid preempting litigants from presenting the full factual basis of their cause in medical malpractice actions. *Miller v. Smith* (1985), 137 Ill. App. 3d 192, 196, 484 N.E.2d 492, 496; see also *Hansbrough v. Kosyak* (1986), 141 Ill. App. 3d 538, 549, 490 N.E.2d 181, 188.

■■ The standards governing the entry of summary judgment are not in dispute. Summary judgment is proper only "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005(c).) Thus, in the context of a medical malpractice action, summary judgment is proper only where the plaintiff has failed to show her present ability to offer competent expert testimony on the applicable standard of medical care. *Purtill*, 111 Ill. 2d at 250, 489 N.E.2d at 876.

■■ There is no evidence the plaintiff abused the rules of discovery in this action. To the contrary, as discussed in the issues above, the plaintiff was preempted from presenting the full factual basis of her cause by the erroneous entry of both a witness disqualification order and a discovery schedule sanction order in the pretrial setting. Under these circumstances, the circuit court erred in disposing of the

action on the summary judgment motion.

The judgment of the Morgan County circuit court is reversed and the cause remanded for further proceedings.

Reversed and remanded.

STEIGMANN and McCULLOUGH, JJ., concur.