LORA LEE McGRATH, Indiv. and as Adm'r of the Estate of Shirley Spriesch, Deceased, Plaintiff-Appellant, v. EVANGELICAL HEALTH SYSTEMS CORPORATION, d/b/a Christ Hospital, *et al.*, Defendants-Appellees.

First District (5th Division) No. 1—90—2404

Opinion filed February 7, 1992.—Modified on denial of rehearing June 5, 1992.

Joseph C. Owens, P.C., and Andrew J. Creighton, both of Chicago, for appellant.

Timothy J. Ashe, John N. Seibel, and Robert O. Ackley, all of Cassiday, Schade & Gloor, of Chicago, for appellees.

JUSTICE LORENZ delivered the opinion of the court:

Plaintiff, Lora Lee McGrath, appeals from the orders of two different trial judges denying her motions to vacate an order barring her from presenting expert testimony on her complaint for medical malpractice. She also appeals from an order granting summary judgment in favor of defendants Evangelical Health Systems Corporation and Evangelical Hospitals Corporation. Plaintiff argues that the trial judges abused their discretion when they denied her motions to vacate the order and that there was a genuine issue of material fact precluding summary judgment. For the following reasons, we affirm.

The record on appeal discloses the following facts pertinent to our disposition. On August 14, 1985, plaintiff filed a complaint alleging that defendants were liable for medical malpractice for the death of Shirley Spriesch which occurred shortly after she was admitted to defendants' hospital. Plaintiff also named Dr. Gary Steinecker as a defendant, but he was dismissed from the action based on his affidavit that he did not deviate from the standard of care.

Defendants answered the complaint and denied the material allegations.

The parties took the depositions of two witnesses, Juanita J. Draeger and Virginia Lhotak. Draeger, who was Spriesch's sister, testified that she was with Spriesch when she was admitted to defendants' hospital. Spriesch, who was suffering from lung cancer, repeatedly requested oxygen at the hospital which she did not receive. Within a short time, Spriesch's condition deteriorated and a medical team was summoned. At that point, Draeger was not allowed in the room. Lhotak, who was a patient in the same room as Spriesch, also testified that Spriesch repeatedly requested oxygen but she did not receive it. The medical team attempted to revive Spriesch, but she had died.

On October 28, 1987, defendants propounded interrogatories requesting plaintiff to identify her expert witness under Supreme Court Rule 220 (134 Ill. 2d R. 220). Plaintiff did not respond. On March 3, 1988, August 1, 1988, and September 23, 1988, orders were entered directing plaintiff to comply with outstanding written discovery. On January 17, 1989, an order was entered requiring plaintiff to identify her expert witness. Plaintiff did not comply. Subsequently, on March 10, 1989, a pretrial conference was scheduled before Judge Claude Whitaker, who entered an order requiring plaintiff to identify her expert by March 31, 1989, or she would be barred from presenting expert testimony at trial. Plaintiff again did not respond. On June 5, 1989, Judge Whitaker entered an order barring plaintiff from presenting expert testimony.

On October 18, 1989, plaintiff filed a motion to vacate the June 5, 1989, order barring her from presenting expert testimony arguing that she had retained an expert witness and that a trial would not be scheduled for several years. Plaintiff relied on an affidavit from her attorney, Andrew J. Creighton, who stated that he had been searching for an expert witness since August of 1988 and eventually retained Dr. Stanley Weiner. She also relied on Weiner's signed statement, which was not notarized, dated July 25, 1989, that "[t]he care administered to [Spriesch] at the hospital was below the standard of care in this community."

At a hearing on her motion to vacate before Judge Whitaker, plaintiff admitted that he was justified in entering the initial order barring expert testimony but she argued that circumstances had changed because she now had an expert witness. Judge Whitaker denied the motion to vacate on March 9, 1990.

Plaintiff filed a second motion to vacate and scheduled it before Judge Willard J. Lassers. Defendants filed a motion for summary judgment arguing that plaintiff could not meet her burden of proof without expert testimony. In response, plaintiff filed Weiner's affidavit dated July 24, 1990, which was essentially identical to his previous statement.

At a hearing on both motions before Judge Lassers, plaintiff argued that Judge Whitaker erred in failing to vacate the order because she now had an expert willing to testify and defendant would not be prejudiced because the case would not be scheduled for trial for another year. Judge Lassers offered to transfer the case back to Judge Whitaker for reconsideration but plaintiff stated it would be a futile effort. Judge Lassers found that the circumstances had not changed since Judge Whitaker considered plaintiff's first motion to vacate and

he denied plaintiff's second motion. Based on that decision, defendants' motion for summary judgment was granted.

Plaintiff now appeals.

## Opinion

At the outset, it is important to note that plaintiff does not challenge the June 5, 1989, order barring her from presenting expert testimony at trial. As a result, there is no issue as to whether barring plaintiff's expert was an appropriate sanction for her failure to comply with the trial court's orders. On appeal, plaintiff only challenges the subsequent orders entered on March 9, 1990, denying her motion to vacate and on July 26, 1990, denying her second motion to vacate and granting defendants summary judgment.

Plaintiff first argues that the trial judges abused their discretion when they denied her motions to vacate the order barring her from presenting expert testimony. She contends that circumstances had changed since the order was entered because she had obtained an expert willing to testify.

Plaintiff relies primarily on *Cometo v. Foster McGaw Hospital* (1988), 167 Ill. App. 3d 1023, 522 N.E.2d 117. In *Cometo*, plaintiff initially disregarded a pretrial judge's order requiring him to disclose an expert witness. Another order was entered extending the time period and plaintiff disclosed an expert within the required period. Subsequently, however, plaintiff's expert refused to testify on his behalf. The pretrial judge entered another order requiring plaintiff to disclose an expert but plaintiff failed to comply. The judge then barred plaintiff from presenting expert testimony at trial as a sanction under Rule 220 (134 Ill. 2d R. 220). At some point, the trial was continued an additional six months.

Defendants moved for summary judgment relying on supporting affidavits. In response, plaintiff relied on the affidavit of his previously disclosed expert who had changed his mind and agreed to testify on plaintiff's behalf. The motion judge struck plaintiff's affidavit because he was barred from presenting expert testimony and granted defendants' motion for summary judgment. Plaintiff appealed.

The appellate court reversed, finding that the circumstances had changed because plaintiff's expert had agreed to testify and the trial was continued for six months. The court noted that plaintiff was barred from presenting expert testimony when, "through no fault of his own," his disclosed expert refused to testify. (*Cometo*, 167 Ill. App. 3d at 1029, 522 N.E.2d at 121.) As a result, the appellate court found that plaintiff did not act in contumacious disregard of the trial judge's

orders. The court also relied on the fact that plaintiff presented the affidavit of his expert in opposition to summary judgment which showed plaintiff could present evidence of defendants' negligence. Also, because the trial had been continued for six months, discovery could be completed within the time limits of Rule 220.

In addition to *Cometo*, plaintiff in this case relies on *Kubian v. Labinsky* (1988), 178 Ill. App. 3d 191, 533 N.E.2d 22, and *Smock v. Hale* (1990), 197 Ill. App. 3d 732, 555 N.E.2d 74. Both *Kubian* and *Smock* involved situations similar to *Cometo* where the appellate courts reversed the trial judges' denials of motions to vacate because plaintiffs did not participate in abusive discovery practices.

■ Plaintiff argues that similar to *Cometo, Kubian*, and *Smock*, "there is nothing in the record to suggest that plaintiff or her attorneys acted at any time in contumacious disregard of the court's order[s]." We disagree. Five orders were entered between March 3, 1988, and March 10, 1989, requiring plaintiff to comply with written discovery, to respond to Rule 220 interrogatories, and to disclose her expert witness. Plaintiff never complied with those orders. In *Cometo*, plaintiff disclosed an expert witness in compliance with the trial court's order and "through no fault of his own" the expert decided not to testify. (*Cometo*, 167 Ill. App. 3d at 1029, 522 N.E.2d at 121.) In this case, however, plaintiff disregarded the trial judges' orders and never disclosed an expert witness. Although plaintiff now asserts that she was searching for an expert witness since August of 1988, during that time, she never indicated to the trial judge that she was having difficulty and needed an extension of time. Instead, she ignored the orders. She did not present an expert until she filed her motion to vacate four months after the order was entered barring her from presenting expert testimony. Contrary to plaintiff's argument, this case is unlike *Cometo, Kubian*, and *Smock* because plaintiff here has exhibited contumacious disregard for the trial judges' orders. Accordingly, there were no changed conditions in this case which rendered the order barring expert testimony unjust, and the trial judges were well within their discretion in denying plaintiff's motions to vacate.

Plaintiff also challenges on appeal the entry of summary judgment in defendants' favor.

● 2 She initially argues that summary judgment was improper because she could prove defendants committed medical malpractice without expert testimony; however, she did not raise this issue in the trial court. The failure to raise an issue in the trial court may result in a waiver of that issue on appeal. (*N.W. v. Amalgamated Trust &*

*Savings Bank* (1990), 196 Ill. App. 3d 1066, 554 N.E.2d 629.) As a result, this issue will not be considered on review.

She also argues that the depositions of Draeger and Lhotak and the affidavit of Dr. Steinecker established an issue of fact. To prove a medical malpractice case, a plaintiff must present expert testimony that defendant deviated from the applicable standard of care and the deviation resulted in plaintiff's injury. (*Purtill v. Hess* (1986), 111 Ill. 2d 229, 489 N.E.2d 867.) The evidence that plaintiff relies on cannot substitute for expert testimony to support her claim. Steinecker's affidavit did not state that defendants deviated from the standard of care and the witnesses' depositions cannot support her claim for medical malpractice. In this case, without an expert witness, plaintiff could not prove that defendants committed medical malpractice and summary judgment was appropriate.

Affirmed.

McNULTY, P.J., and GORDON, J., concur.