AMANDA BROOKS, a Minor, by Pamela Brooks, her Mother and Next Friend, *et al.*, Plaintiffs-Appellants, v. ILLINOIS MASONIC HOSPITAL AND MEDICAL CENTER *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 1—90—1198

Opinion filed December 30, 1992.

David A. Novoselsky, of Chicago, for appellants.

Cassiday, Schade & Gloor, of Chicago (Timothy J. Ashe, Brian C. Sundheim, and Dale A. Diamond, of counsel), for appellees.

JUSTICE TULLY delivered the opinion of the court:

This is a medical malpractice action addressing the sufficiency of a medical expert's affidavit under Illinois Supreme Court Rule 191 (134 Ill. 2d R. 191) (Rule 191), filed by plaintiffs in opposition to a summary judgment motion by defendant Dr. Tasos Hinaris. Summary judgment was rendered in favor of defendant Dr. Hinaris on the basis that the medical expert's affidavit, attached to plaintiff's summary judgment response, was not competent, in that: (1) it failed to create a genuine issue of material fact and (2) the expert named in the affidavit was not disclosed as a testifying expert under Illinois Supreme Court Rule 220 (134 Ill. 2d R. 220) (Rule 220). Plaintiffs appeal from this judgment. The remaining defendants are not parties to this appeal.

Plaintiffs' third amended complaint alleged that plaintiff Amanda Brooks was born at Illinois Masonic Medical Center, under the care and supervision of defendant Dr. Hinaris. The complaint alleged negligence on behalf of Dr. Hinaris, in that he failed to diagnose and immediately treat a condition known as bilateral hip dysplasia, which allegedly should have been discovered during the post-natal examination.

On February 22, 1988, defendant Dr. Hinaris motioned for summary judgment pursuant to section 2—1005 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1005). The motion stated that plaintiffs had failed to offer any expert opinion supporting the allegations in the complaint that Dr. Hinaris had breached the applicable standard of care in treating Amanda Brooks. Defendant, therefore, surmised there was no genuine issue of material fact and he was entitled to judgment as a matter of law. The affidavit of Dr. David Ingall was affixed to defendant's motion, indicating that treatment by defendant met the appropriate standard of care.

On June 28, 1988, plaintiffs filed the affidavit of Dr. Richard Mervis opposing defendant's motion. Dr. Mervis indicated that the failure by Dr. Hinaris to diagnose and document the condition of congenital hip dysplasia, shortly after Amanda Brooks' birth, "reflected a deviation from the standard of care." Later, defendant filed amended interrogatories under Rule 220, requesting the identity of any expert witness to be called by plaintiffs at trial. Plaintiffs indicated that no expert witness had been retained at that point and that Dr. Mervis was merely a "consultant."

Defendant subsequently filed a motion to strike the affidavit of Dr. Mervis, on the grounds that Dr. Mervis' testimony was incompetent since he would not be called to testify at trial. Following oral ar-

gument on the motion on December 27, 1988, Judge Thomas P. Quinn denied defendant's motion to strike Dr. Mervis' affidavit. Defense counsel relied on the case of *James v. Yasunaga* (1987), 157 Ill. App. 3d 450, 510 N.E.2d 531, for the proposition that the affidavit of an expert, found to be incompetent to testify at trial under Rule 220, cannot be used to oppose a motion for summary judgment. Judge Quinn denied the motion to strike, finding it was "acceptable for plaintiffs to do exactly what they did in this case." Judge Quinn indicated that a later hearing and ruling on defendant's summary judgment motion would be made by Judge Sodaro.

On February 16, 1989, defendant presented his motion for reconsideration of the prior denial of his motion to strike, as well as his motion for summary judgment. Judge Sodaro refused to transfer the motion for reconsideration to Judge Quinn and indicated that he would decide both motions simultaneously. Judge Sodaro continued the proceedings, giving plaintiffs 90 days to find another expert, other than Dr. Mervis, who would testify as an expert at trial.

On April 6, 1990, Judge Sodaro granted defendant's motion for summary judgment, finding that there was no genuine issue of material fact as to defendant's liability. Judge Sodaro indicated that the affidavit of Dr. Mervis was vague and conclusory in that it did not specify what the defendant Dr. Hinaris should have done in order to discover the congenital hip dysplasia.

According to plaintiffs, the affidavit of Dr. Mervis sufficiently raised a genuine issue of material fact on the applicable standard of care. In support thereof, plaintiffs rely on *Purtill v. Hess* (1986), 111 Ill. 2d 229, 489 N.E.2d 867, which held that summary judgment is proper only where plaintiff fails to present competent expert testimony on the appropriate standard of care. In a medical malpractice case, a plaintiff must demonstrate: (1) the standard of care applicable to defendant's actions; (2) defendant's deviation from the appropriate standard of care; and (3) that defendant's deviation from the standard of care proximately caused plaintiff's injury. *Rohe v. Shivde* (1990), 203 Ill. App. 3d 181, 560 N.E.2d 1113.

The plaintiffs, via the affidavit of Dr. Mervis, indicated that Dr. Mervis, if called upon to testify, could testify from personal knowledge that: (1) he is a licensed doctor in the State of Illinois, board certified in the field of pediatrics; (2) he reviewed the medical records of Amanda Brooks; (3) he examined the records which indicated that the defendant doctor examined the minor plaintiff and concluded that her hips were normal; (4) another doctor eventually determined that the minor plaintiff had congenital hip dysplasia; (5) based upon his train-

ing and experience, after reviewing the documents, in his opinion: (a) the minor plaintiff suffered from the condition of congenital hip dysplasia at the time of birth; (b) this condition should have been discovered upon physical examination by a qualified doctor; (c) defendant's failure to observe and document this condition indicated a deviation from the applicable standard of care; and (d) if this condition had been properly discovered, much additional surgical involvement could have been prevented.

▮ Supreme Court Rule 191 reads in part:

"Rule 191. Affidavits in Proceedings Under Sections 2—1005, 2—619 and 2—301(b) of the Code of Civil Procedure

(a) Requirements. Affidavits in support of and in opposition to a motion for summary judgment *** shall be made on the personal knowledge of the affiants; shall set forth with particularity the facts upon which the claim, counterclaim, or defense is based; shall have attached thereto sworn or certified copies of all papers upon which the affiant relies; shall not consist of conclusions but of facts admissible in evidence; and shall affirmatively show that the affiant, if sworn as a witness, can testify competently thereto. If all of the facts to be shown are not within the personal knowledge of one person, two or more affidavits shall be used." 134 Ill. 2d R. 191.

Summary judgment terminates an injured party's right to recourse for an alleged wrong and, therefore, it is only proper where the pleadings, depositions, admissions and affidavits on file demonstrate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. (*Gatlin v. Ruder* (1990), 137 Ill. 2d 284, 560 N.E.2d 586.) In the instant case, we must first consider whether the affidavit of Dr. Richard Mervis sufficiently complied with Supreme Court Rule 191. Secondly, if we deem the affidavit competent, we must determine whether the affidavit sufficiently raised a genuine issue of material fact, such that summary judgment should not have been granted in defendant's favor.

▮ This court finds that Dr. Mervis' affidavit complies with the standards set forth in Rule 191. The affidavit is allegedly based upon the personal knowledge of Dr. Mervis and his examination of the medical records of the plaintiff, Amanda Brooks. Furthermore, the affidavit states that if sworn as a witness, Dr. Mervis could competently testify to the statements in the affidavit. Defendant primarily contends that the affidavit is incompetent, based upon the failure of plaintiffs to disclose Dr. Mervis as an expert, pursuant to Rule 220. Although Dr. Mervis was not a Rule 220 expert and was not to be

called as a trial witness, a literal reading of Rule 191 requires that the affiant *could* testify competently, not that affiant will testify. If the supreme court had intended that Rule 191 affiants be disclosed as expert trial witnesses, it could have specifically provided for such.

Furthermore, Dr. Mervis was not barred from testifying and could have been added to supplemental answers to Rule 220 interrogatories. Since the case had not been set for trial, there was no indication that this matter was within 90 days of the trial date. Therefore, it is inconceivable that Dr. Mervis was barred from testifying, since the doctor was not barred under any rule that this court could determine. The fact that plaintiffs' counsel indicated that Dr. Mervis was a consultant, rather than an expert, really has no relevancy at this juncture.

■ The final analysis concerns whether or not sufficient facts were alleged in the affidavit, in order to present a genuine issue of material fact. In a medical malpractice action, summary judgment is improper where opposing affidavits raise an issue of fact as to the negligence of the physician. (*Pitler v. Michael Reese Hospital* (1980), 92 Ill. App. 3d 739, 415 N.E.2d 1255; *Lipsey v. Michael Reese Hospital* (1970), 46 Ill. 2d 32, 262 N.E.2d 450.) Prior to granting summary judgment for defendant, the trial court considered the opposing affidavits of both parties and concluded that there was no issue of material fact, since it would take an "unbelievable eye" to diagnose the infant plaintiff's condition after birth. Rather than evaluating the factual bases for the opposing affidavits, the trial court made its own determination as to whether defendant could have been negligent.

The trial court in this case did not properly weigh the medical opinion of a qualified physician, whose affidavit complied with Illinois Supreme Court Rule 191. This court holds that adequate facts were alleged in the affidavit of Dr. Mervis, sufficient to raise a genuine issue of material fact as to defendant's negligence. Therefore, this case will be remanded to the circuit court, and the order entered by the circuit court of Cook County on April 16, 1990, which granted summary judgment in favor of defendant, Dr. Hinaris, is hereby vacated. This matter may proceed further at the circuit court level on its merits.

Reversed and remanded.

GREIMAN, P.J., and RIZZI, J., concur.