# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Smith v. Murphy*, 2013 IL App (1st) 121839

---

| | |
|---|---|
| Appellate Court Caption | BOZENA SMITH, Plaintiff-Appellant, v. BRIAN MURPHY, M.D. and JAMES McFADDEN, M.D. Defendants-Appellees. |
| District & No. | First District, Second Division<br>Docket No. 1-12-1839 |
| Filed | July 16, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The trial court did not abuse its discretion and properly followed its prior orders, the discovery rules and the standards of the Illinois Supreme Court when it refused to admit the affidavit of plaintiff's previously undisclosed expert which plaintiff attached to her response to defendants' motion for summary judgment in her medical malpractice action, and the judgment entered for defendants was affirmed. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 07-L-007113; the Hon. Brigid Mary McGrath, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Dean J. Caras, P.C., of Chicago (Tara C. Meadows, of counsel), for appellant.

Lowis & Gellen, LLP, of Chicago (Deborah M.R. O'Brien, Michael A. Code, and Brad E. Wolven, of counsel), for appellees.

Panel

JUSTICE QUINN delivered the judgment of the court, with opinion.
Justices Connors and Fitzgerald-Smith* concurred in the judgment and opinion.

**OPINION**

## I. INTRODUCTION

Plaintiff appeals the entry of judgment in favor of the defendants claiming the trial court abused its discretion when, as a sanction for plaintiff's violation of discovery rules and court orders entered regarding discovery, it did not allow plaintiff to utilize an affidavit of a new, undisclosed expert well after discovery closed and the case was set for trial. Plaintiff never sought an extension of discovery and only submitted her undisclosed expert's affidavit in response to defendants' timely motion for summary judgment and without leave of court. For the reasons that follow, we hold that the trial court did not abuse its discretion and affirm the entry of judgment in favor of defendants.

## II. BACKGROUND

In 2007, plaintiff, Bozena Smith, filed a medical professional negligence complaint concerning the 2006 postsurgical treatment she received. Plaintiff named the two doctors, Drs. Murphy and McFadden, who are the defendants-appellees and were employed as residents back in 2006, as well as two other doctors.

After all fact discovery was completed by the parties, the trial court entered the deadline of September 13, 2010 for plaintiff to disclose any experts pursuant to Rule 213(f)(3). Ill. S. Ct. R. 213(f)(3) (eff. Jan, 1, 2007). Plaintiff disclosed one expert she had hired to render an

_____

*This decision was initially issued as an unpublished order on May 28, 2013, with Justice John Simon as a concurring judge. That unpublished order was withdrawn by the court and Justice Simon recused himself. Justice Fitzgerald-Smith has reviewed the briefs, the record, the petition for rehearing and the motion to publish.

opinion in this case, Dr. Robert Henry Quinn.[1] Plaintiff stated she expected that Dr. Quinn, in part, would provide an expert opinion that both residents deviated from the standard of care in treating the plaintiff.

¶ 6 On November 8, 2010, plaintiff presented Dr. Quinn to opposing parties for deposition testimony at which time Dr. Quinn withdrew all adverse opinions he previously rendered against the residents and testified that he now held no opinions that implicated the residents in any substandard medical care of the plaintiff. Specifically, plaintiff's expert testified, as follows: "[I]t's my opinion that residents in training should not be held accountable for these kinds of decisions, and, ultimately, actions of a resident *** are the responsibility of the attending physician. *** I would like to scratch the two paragraphs [in my report] that implicate the residents." Dr. Quinn was then asked if it was fair to say that he had no criticisms of the residents. He testified that statement was true. To completely clarify plaintiff's expert's withdrawal of his written report on the residents' professional conduct, Dr. Quinn testified that it was fair to say that he held "no opinions that any of the residents involved in Ms. Smith's care deviated from the standard of care."

¶ 7 Plaintiff had numerous opportunities to bring the issue of her only expert, Dr. Quinn, and his deposition testimony to the trial court's attention, with the first opportunity coming nine days after Dr. Quinn's deposition testimony. Plaintiff was silent on the issue and the court issued its order setting a January 14, 2011 deadline for defendants to disclose their experts in rebuttal to the opinions held by plaintiff's only expert, Dr. Quinn. Defendants complied with this deadline.

¶ 8 On May 2, 2011, the trial court ordered all discovery closed on May 19, 2011. A final case management conference was held on May 24, 2011 at which time the trial court and the parties agreed upon a jury trial date of October 17, 2011. The trial court emphasized in that order that all discovery was closed as of the date of its order entered May 24, 2011.

¶ 9 Defendants filed timely motions for summary judgment on August 9, 2011. Between the November 8, 2010 deposition testimony of plaintiff's expert, Dr. Quinn, and the August 9, 2011 filing date of defendants' motions for summary judgment, there is no evidence in the record that plaintiff brought Dr. Quinn's withdrawal of his opinion that the two residents provided any substandard care to the court's attention.

¶ 10 On August 23, 2011, the trial court issued an order requiring plaintiff to respond to the defendants' motions for summary judgment by October 14, 2011, and struck the upcoming October 17, 2011 trial date. On October 12, 2011, plaintiff filed her response to defendants' motion for summary judgment, in part, by attaching an unsigned, proposed affidavit of a previously undisclosed retained expert, Dr. Salem El-Attrache. Plaintiff filed this affidavit, as well as a pleading entitled "Plaintiff's Supplemental Answers to Rule 213(f)(3) Interrogatories" without leave of court and well outside the discovery cutoff date of May 24, 2011. That same day plaintiff filed a motion requesting time to file a signed affidavit of Dr. Salem El-Attrache. The trial court ordered a briefing schedule on this motion. Defendants

---

[1]The author of this opinion, Justice Patrick J. Quinn, is not related to plaintiff's expert, Dr. Robert Quinn.

opposed the untimely disclosure of a completely new expert by plaintiff at this stage of the litigation.

¶ 11    A hearing was held on the issue of plaintiff's untimely disclosure of a new expert on February 17, 2012. The trial court ruled as follows:

"[S]ince the affiant would not be entitled to testify at trial, [the court] can't consider the affiant's affidavit for purposes of a motion for summary judgment. *** [Plaintiff] waited until the motion was filed, until the conclusion of expert discovery, until Defendants ha[d] already incurred the cost of an expert witness and presented them for deposition. [Plaintiff] waited until that point to *** backdoor a reopening of discovery which *** is too late at this juncture. *** We were set to go to trial. Discovery was closed. *** [I]f [plaintiff] had stated ...we need an extension of time to disclose an additional witness, that's an issue we could have taken up [right after Dr. Quinn's deposition] but we didn't. Instead, no objection was raised. *** [I]t would be awfully prejudicial at this juncture to say okay, [plaintiff] get[s] this new expert [that plaintiff] can use at trial and [plaintiff] can change now the facts of the case and [plaintiff] can supplement [her] 213s. I think its prejudicial and untimely."

¶ 12    Having barred plaintiff's expert's opinion from consideration in the case, the court proceeded with the defendants' motions for summary judgment. On May 23, 2012, the trial court granted defendants' motions for summary judgment. On June 12, 2012, the trial court made the ruling final pursuant to Rule 304(a). Ill. S. Ct. R. 304(a) (eff. Feb. 26, 2010). Plaintiff filed a timely notice of appeal on June 26, 2012.

¶ 13                                    III. ANALYSIS
¶ 14                                A. Standard of Review
¶ 15    On appeal, plaintiff argues that the trial court erred when it barred the affidavit of her previously undisclosed expert witness. The decision whether or not to impose sanctions for a party's failure to comply with the rules or court orders on discovery lies within the sound discretion of the trial court. The trial court's imposition of sanctions will not be reversed absent an abuse of discretion. *Sullivan v. Edward Hospital*, 209 Ill. 2d 100, 110 (2004). Plaintiff relies on *Jackson v. Graham*, 323 Ill. App. 3d 766, 773 (2001), when she argues that this court should apply the *de novo* standard of review because her affidavit of an undisclosed expert was attached to her response to defendants' motion for summary judgment. This court will follow the *Sullivan* standard of review. However, we would still affirm the trial court's imposition of the discovery sanction under a *de novo* review of its decision.

¶ 16                        B. Illinois Supreme Court Rules on Discovery
¶ 17    Supreme Court Rule 213(f) requires a party answering an interrogatory to disclose, among other things, the following information:

"Upon written interrogatory, a party must furnish the identities and addresses of witnesses who will testify at trial and must provide the following information:

-4-

> *Controlled Expert Witnesses.* A 'controlled expert witness' is a person giving expert testimony who is the party, *** or the party's retained expert. For each controlled expert witness, the party must identify: (i) the subject matter on which the witness will testify; (ii) the conclusions and opinions of the witness and the bases therefor; (iii) the qualifications of the witness; and (iv) any reports prepared by the witness about the case." Ill. S. Ct. R. 213(f) (eff. Jan. 1, 2007).

¶ 18    Supreme Court Rule 213(d) requires a party to answer or object to an interrogatory within 28 days after service of the interrogatory. Ill. S. Ct. R. 213(d) (eff. Jan. 1, 2007). Additionally, pursuant to Rule 213(i), each party has a duty to "seasonally supplement or amend any prior answer or response whenever new or additional information subsequently becomes known to that party." Ill. S. Ct. R. 213(i) (eff. Jan. 1, 2007).

¶ 19    All Rule 213 disclosure requirements are mandatory and subject to strict compliance by the parties. *Sullivan v. Edward Hospital*, 209 Ill. 2d 100, 109 (2004); *Zickuhr v. Ericsson, Inc.*, 2011 IL App (1st) 103430, ¶ 79. Our supreme court has stated that "[t]o allow either side to ignore Rule 213's plain language defeats its purpose and encourages tactical gamesmanship." *Sullivan v. Edward Hospital*, 209 Ill. 2d 100, 109-10 (2004). The *Sullivan* court also explained that the procedures for disclosure now contained in Rule 213 establish more exacting, precise standards than the predecessor Rule 220, which formerly governed the expert witnesses' disclosure requirements. *Id*. at 110. The *Sullivan* court further advised that the trial courts should be more reluctant under Rule 213 than they were under former Rule 220 "(1) to permit the parties to deviate from the strict disclosure requirements, or (2) not to impose severe sanctions when such deviations occur." *Id*. The main reason for the amendment to expert discovery duties now contained in Rule 213 was to require stricter adherence to disclosure requirements. *Department of Transportation v. Crull*, 294 Ill. App. 3d 531, 538-39 (1998).

¶ 20    The plaintiff disclosed her new expert, Dr. Salem El-Attrache, for the first time on October 14, 2011, almost a year after plaintiff's own expert, Dr. Quinn, exonerated the two defendants and testified that they were not guilty of medical professional negligence and almost five months after discovery closed. Plaintiff's disclosure violated Rule 213(f) because plaintiff failed to disclose this expert witness within 28 days after being served with defendants' interrogatories. Plaintiff never sought leave of court to extend her time for answering defendants' interrogatories when alerted to her own expert's testimony at his deposition on November 8, 2010, when Dr. Quinn absolved the two doctors' professional actions.

¶ 21    The Committee Comments to Rule 213(i) state that the definition of "seasonally supplement" varies with the facts of the case and with the type of case, but in no event should it allow a party to fail to comply with the spirit of the rule by either negligent or willful noncompliance. Ill. S. Ct. R. 213(i), Committee Comments (revised June 1, 1995).

¶ 22    In addition to the trial court's order establishing a discovery cutoff date of May 24, 2011, Rule 218(c) provides that all discovery must be completed no later than 60 days before the trial date, which in this case was previously set for October 17, 2011. Ill. S. Ct. R. 218(c)

(eff. Oct. 4, 2002). The belated disclosure attempt by plaintiff came on October 14, 2011.

¶ 23                    C. Sanctions for Failure to Comply With Discovery

¶ 24     As a sanction for plaintiff's use of an undisclosed expert witness's affidavit in response to defendants' motion for summary judgment, the trial court did not allow plaintiff to use this untimely evidence to attempt to defeat the motion. Rule 219 empowers a trial court to impose appropriate sanctions, including barring a witness from testifying, for a party's failure to comply with the rules or court orders regarding discovery. Ill. S. Ct. R. 219(c) (eff. July 1, 2002). The decision whether or not to impose sanctions lies within the sound discretion of the trial court and the trial court's decision will not be reversed absent an abuse of discretion. *Sullivan v. Edward Hospital*, 209 Ill. 2d 100, 110 (2004).

¶ 25     In determining whether exclusion of a witness's testimony in court or by affidavit is an appropriate sanction for nondisclosure, this court examines the following factors: (1) the surprise to the adverse party; (2) the prejudicial effect of the witness's testimony; (3) the nature of the testimony; (4) the diligence of the adverse party; (5) the timeliness of the objection to the witness's testimony; and (6) the good faith of the party seeking to offer the testimony. *Id.*

¶ 26     The first factor is met as the defendants were first informed of this previously undisclosed plaintiff's expert witness when plaintiff attached the expert's affidavit to plaintiff's response to defendants' motion for summary judgment well after discovery had closed and the case was set for trial. Therefore, we agree that defendants were clearly surprised when plaintiff disclosed this new expert for the first time in this manner, months after discovery was closed by court order, and just four days before the previously agreed-upon trial date which dictated when a timely summary judgment motion could be filed.

¶ 27     With regard to the second and third factors, the disclosure of a new expert would be prejudicial to defendants' case because it would be unlikely that the defendants would be able to depose the new expert and retain their own expert to rebut the plaintiff's new expert so close to trial. It would require starting expert discovery all over again for a case that was filed in 2007.

¶ 28     Regarding the fourth factor, the record reflects that defendants were diligent in their discovery obligations to both the plaintiff and the court and immediately brought any minor difficulties to their attention, such as their expert's illness when his deposition was first scheduled.

¶ 29     Regarding the fifth factor, defendants' objections to plaintiff's attempt to use this new expert were immediate and without delay. Regarding the sixth factor, the trial court felt that the manner in which plaintiff revealed this new, previously undisclosed expert indicated that she was attempting to "backdoor a reopening of discovery." Based on the record before us, coupled with the comments made by the trial court during its ruling on the matter, we are unable to find any evidence that plaintiff's untimely disclosure of a new expert was in good faith. Plaintiff proffered no reason why she never sought an extension of time to name a new expert immediately after Dr. Quinn's deposition or why her disclosure of Dr. El-Attrache as a new expert was so untimely.

¶ 30    The trial court appropriately weighed all the factors when issuing its decision to bar the testimony of plaintiff's expert witness. Therefore, the trial court did not abuse its discretion.

¶ 31              D. Improper Use of an Undisclosed Expert's Affidavit

¶ 32    Plaintiff, while tacitly admitting that the disclosure of her new expert was both untimely and occurred after the court-ordered discovery cutoff date and only in response to defendants' motion for summary judgment, still argues that the affidavit of the new expert should be allowed to defeat the motion for summary judgment because section 2-1005 of the Code of Civil Procedure (735 ILCS 5/2-1005(c) (West 2010)), governing summary judgment, allows a party to file affidavits in opposition to such motions. Defendants respond that section 2-1005(e) provides that "[t]he form and contents of and procedure relating to affidavits under this Section shall be as provided by Rule." 735 ILCS 5/2-1005(e) (West 2010). Plaintiff argues that the procedure which allows for affidavits to defend against entry of summary judgment trumps any discovery sanctions imposed by a trial court on an offending party. We disagree. If we were to accept plaintiff's argument that there are no circumstances where a trial court can strike an undisclosed expert's affidavit attached to a party's response to their adversary's motion for summary judgment, plaintiff may defeat the motion but would ultimately find herself in the same position she is in now.

¶ 33    If the affidavit were procedurally allowed to defeat summary judgment, plaintiff would still be without trial testimony from an expert witness to prove her medical malpractice action against these two doctors. The court's discovery sanction barred the newly disclosed expert's opinion as admissible evidence due to plaintiff's disregard of the discovery rules and orders entered in this case. Plaintiff is, in effect, requesting that we require the trial court to allow the parties to proceed to trial, only to then grant a directed verdict for the two defendant-doctors as there would be no admissible evidence to show any medical professional negligence against them. This would result in wasting the court's and all the parties' time, incur costs and expend energy on what everyone knows is a useless proceeding. "[T]he law does not require the doing of a useless act." *Stone v. La Salle National Bank*, 118 Ill. App. 3d 39, 45 (1983).

¶ 34    Plaintiff cites *Cometo v. Foster McGaw Hospital*, 167 Ill. App. 3d 1023 (1988), in support of her argument that the trial court should have accepted an undisclosed expert's affidavit in an attempt to defeat a motion for summary judgment. However, *Cometo* dealt with an expert who was disclosed during discovery but became reluctant to provide testimony. In *Cometo*, it was not the plaintiff who disregarded any discovery rules or court orders but the expert's unwillingness to testify, consequently, the appellate court held that consideration of the disclosed expert's affidavit was warranted. *Id*. at 1029-30.

¶ 35    Similarly, the case of *Smock v. Hale*, 197 Ill. App. 3d 732 (1990), cited by the plaintiff, involved a plaintiff who encountered some difficult and unpredictable discovery problems while acting in a diligent manner. Therefore, the *Smock* court reversed the trial court's rulings that struck plaintiff's only expert, denied plaintiff the opportunity to amend his witness list to add plaintiff's treating physicians and entered summary judgment in favor of defendants. *Id*. at 737-42. The *Smock* case has no application to the facts of this case where

plaintiff took no action to rectify her expert's withdrawal of his opinions that the residents provided plaintiff with substandard medical care despite ample time and many court appearances to do so.

¶ 36    Plaintiff's attachment of a previously undisclosed expert opinion in an affidavit in response to a motion for summary judgment was nothing more than a thinly veiled attempt to circumvent the trial court's discovery orders and its authority to reasonably regulate the parties' discovery process in the interests of justice during litigation. Ill. S. Ct. R. 201 (eff. July 1, 2002).

¶ 37    Accordingly, because the trial court adhered to both its prior court orders and the supreme court rules on discovery, as well as the standards set forth by our supreme court, it did not abuse its discretion when it barred the testimony of plaintiff's previously undisclosed expert witness to defeat summary judgment. Plaintiff's arguments are devoid of merit.

¶ 38                                    IV. CONCLUSION

¶ 39    The decision of the trial court was not in error when it barred the affidavit of plaintiff's previously undisclosed expert witness which was attached to plaintiff's response to defendants' motion for summary judgment and then entered judgment in favor of the defendants and against the plaintiff in this action.

¶ 40    Affirmed.