JAMES COMETO, Plaintiff-Appellant, v. FOSTER McGAW HOSPITAL *et al.*, Defendants-Appellees.

First District (1st Division)   No. 86—3221

Opinion filed February 29, 1988.—Rehearing denied May 4, 1988.

Steven S. Lev, of Chicago (Carl Nusbaum, of counsel), for appellant.

J. Jonathan Regunberg and Peter F. Clancy, both of Peterson, Ross, Schloerb & Seidel, of Chicago, for appellee Loyola University Medical Center.

Donald N. Hoppe and Robert L. Nora, both of Johnson, Cusack & Bell, Ltd., of Chicago (Thomas H. Fegan, of counsel), for appellee Donald W. Dixon.

PRESIDING JUSTICE CAMPBELL delivered the opinion of the court:

This appeal arises out of a medical malpractice action filed by plaintiff, James Cometo, against defendants, Foster McGaw Hospital,

Loyola University Medical Center (jointly referred to as Foster McGaw) and Donald Dixon, M.D.[1] As the result of plaintiff's failure to disclose an expert witness in compliance with the trial court's discovery orders entered pursuant to Supreme Court Rule 220 (107 Ill. 2d R. 220), the trial court imposed Rule 220 sanctions on plaintiff in an order dated July 23, 1986, which barred him from introducing expert testimony at trial. Defendants then moved for summary judgment. At the hearing on the summary judgment motion, the trial court struck the counteraffidavit of plaintiff's expert on the grounds that it was barred by the July 23, 1986, order and granted summary judgment in favor of defendants. On appeal, plaintiff contends that: (1) the trial court abused its discretion in striking the affidavit of plaintiff's expert and in refusing to open discovery for the purpose of deposing expert witnesses; and (2) the trial court erred in granting summary judgment as to plaintiff's *res ipsa loquitur* count. For the following reasons, we reverse the judgment of the trial court and remand the cause for further proceedings.

The pleadings set forth the following events which resulted in this appeal. On April 2, 1981, plaintiff underwent a cardiac catheterization procedure at Foster McGaw, which was performed by Dixon. During the procedure, plaintiff suffered a seizure which required Dr. Ivan Pacold, an attending physician, to restrain plaintiff's right arm in order to prevent injury to plaintiff's right brachial artery. At that time, plaintiff apparently suffered an avulsion fracture to his right humerus.

On April 21, 1983, plaintiff filed his medical malpractice action, seeking damages for the avulsion fracture, and alleging that the injury was the result of defendants' not having properly restrained plaintiff during the cardiac catheterization procedure. In count V of the complaint, plaintiff invoked the *res ipsa loquitur* doctrine, alleging that his injury would not have occurred had each of the defendants not been negligent.

At the time of the first pretrial conference on April 19, 1985,

---

[1]Initially, plaintiff filed a five-count complaint against Foster McGaw Hospital (counts I and V); Loyola University Medical Center (counts I and V); M. Ziad Sinno, M.D. (counts II and V); Mamdouh Bakhos, M.D. (counts III and V); and Donald W. Dixon, M.D. (counts IV and V). The record indicates that an agreed order was entered on March 25, 1985, granting summary judgment in favor of M. Ziad Sinno, M.D. No appeal has been taken from that order. However, there is no indication in the record as to the disposition of the allegations brought against Mamdouh Bakhos, M.D. The instant appeal is brought only against Foster McGaw Hospital, Loyola University Medical Center and Donald Dixon, M.D.

none of the parties had disclosed their expert witnesses. As a result, the court entered an order pursuant to Supreme Court Rule 220 requiring: (1) plaintiff to identify his expert(s) by August 1, 1985; (2) defendants to depose plaintiff's expert(s) by September 1, 1985; (3) defendants to identify their expert(s) by October 1, 1985; and (4) plaintiff to depose defendants' expert(s) by November 1, 1985. The final pretrial conference was scheduled for November 20, 1985.

On November 20, 1985, plaintiff still had not disclosed his expert witnesses. Thus, the court entered a second order requiring plaintiff to disclose his expert(s) by January 7, 1986, and requiring defendants to depose plaintiff's expert(s) by March 1, 1986. The final pretrial conference was scheduled for April 3, 1986. Subsequently, in a letter dated January 6, 1986, plaintiff advised defendants' attorneys that his expert would be Dr. Ronald van der Horst. Defendants then filed a notice for the deposition of Dr. van der Horst to be taken on February 21, 1986. However, the deposition was never taken because plaintiff's counsel informed defendants' counsel that Dr. van der Horst had refused to testify as an expert witness and would not be called to testify at trial.

Subsequently, at the third pretrial conference on April 3, 1986, the court entered its order requiring: (1) plaintiff to disclose his expert(s) by April 18, 1986; (2) defendants to depose plaintiff's expert(s) by May 16, 1986; (3) defendants to disclose their expert(s) by June 20, 1986; and (4) plaintiff to depose defendants' expert(s) by July 18, 1986. The final pretrial conference was then scheduled for July 23, 1986.

At the July 23 pretrial conference, defendants moved to bar plaintiff from calling any expert witnesses to testify at trial as a sanction for plaintiff's violation of three court orders entered pursuant to Supreme Court Rule 220. In an order dated July 23, 1986, Judge Valukas granted defendants' motion and barred plaintiff from using any undisclosed and unidentified experts at trial. The order further allowed defendants one day to disclose their experts, who were to be deposed by September 1, 1986. The case was then returned to the trial call for September 10, 1986.

On August 8, 1986, defendants filed separate motions for summary judgment, which were later amended so as to attach the necessary affidavits. Foster McGaw's amended motion was supported by the affidavit of Dr. Ivan Pacold, a participant in the catheterization procedure. Although Pacold had not been previously disclosed as an expert, his deposition had been taken as an occurrence witness. Dixon's amended motion for summary judgment was supported by the

affidavit of Dr. William Towne, who had been identified by Dixon as an expert witness, but who had not yet been deposed. Plaintiff, in turn, filed a response to the summary judgments and attached the counteraffidavit of Dr. van der Horst, who now agreed to testify.

At the hearing on the summary judgment motions, defendants moved to strike van der Horst's affidavit pursuant to Judge Valukas' order which barred plaintiff from using any experts at trial. Judge Hoffman, before whom the motions were being argued, stated that he found the issue to be the interpretation of Judge Valukas' July 23, 1986, order and that he would not "jump *** into Judge Valukas' mind to determine what it is he intended when he entered the order." Accordingly, Judge Hoffman sent the parties to Judge Valukas' chambers *instanter* for the purpose of obtaining from him an order clarifying the July 23, 1986, order. Judge Hoffman stated that the clarification would be determinative of his decision on the summary judgment motions.

Later that day, Judge Valukas issued a clarifying order which stated, in pertinent part: "This court's orders of July 23rd, 1986, shall be construed as a bar to plaintiff from calling any expert witness to testify at the trial of this cause on his behalf." Plaintiff then moved to bar the affidavits of defendants' experts on the grounds that their names had not been disclosed as required by prior court orders and they had not been deposed. In the alternative, plaintiff moved that discovery be opened for the limited purpose of deposing the experts.

In response, the trial court stated that it had "some real difficulty" going to a hearing on Dixon's summary judgment motion because Dixon's expert affiant had not been deposed. As a result, Dixon was granted leave of court to withdraw his motion without prejudice and to file an amended motion. With respect to Foster McGaw's motion for summary judgment, the court stated to plaintiff's counsel:

"You [plaintiff's counsel] have the motion for summary judgment in a medical malpractice case supported by the affidavit of a party who, based on the face of his affidavit, is qualified to give an opinion. He gave the opinion, the motion is unsupported. You are required to establish the breach of that standard by expert medical testimony and the affidavit in support of the motion for summary judgment must be taken as true, absent contradictory affidavit. There is none. Taken as true, [Foster McGaw] is entitled to summary judgment as a matter of law."

Accordingly, in its order dated October 16, 1986, the trial court granted Foster McGaw's motion for summary judgment.

Subsequently, Dixon, who had been previously deposed as a party-defendant, filed a second amended motion for summary judgment, supported by his own affidavit. At the hearing on this motion, plaintiff argued that his complaint contained other factual matters which did not necessarily need an expert, *i.e.*, *res ipsa loquitur*, negligence and discrepancies regarding the duration of plaintiff's seizure in the operating room. In response, the court noted that there was still nothing filed by way of expert testimony in opposition to Dixon's summary judgment motion and that plaintiff has the burden of proving the medical negligence action by expert medical testimony. Further, with respect to the *res ipsa loquitur* count, the court noted that if plaintiff "needs expert medical testimony to establish the proposition that this result does not occur absent negligence, then in that event if the Plaintiff fails to produce that expert medical testimony and the Defendant has produced expert medical testimony to suggest that the result could occur absent negligence, summary judgment is in order even on the *res ipsa*." Accordingly, because plaintiff was barred from producing medical testimony, Dixon's motion for summary judgment was granted in an order dated November 7, 1986. Plaintiff's timely appeal of the October 16, 1986, and November 7, 1986, orders followed.

Plaintiff first contends that the trial court abused its discretion in striking the affidavit of plaintiff's expert and in refusing to open discovery for the purpose of obtaining expert depositions. Plaintiff commences his argument with a discussion of the purpose and policy behind the promulgation of Supreme Court Rule 220(b) (107 Ill. 2d R. 220(b)), which states, in pertinent part:

"In order to insure fair and equitable preparation for trial by all parties the identity of an expert who is retained to render an opinion at trial on behalf of a party must be disclosed by that party either within 90 days after the substance of the expert's opinion first becomes known to that party or his counsel or, if the substance of the expert's opinion is then known, at the first pretrial conference in the case, whichever is later. In any event, as to all expert witnesses not previously disclosed, the trial court, on its own motion, or on the motion of any party after the first pretrial conference, shall enter an order scheduling the dates upon which all expert witnesses, including rebuttal experts, shall be disclosed. *** Failure to make the disclosure required by this rule or to comply with the discovery contemplated herein will result in disqualification of the expert as a witness."

In his analysis of Rule 220, plaintiff does not argue that the initial imposition of discovery sanctions pursuant to Rule 220 by Judge Valukas in his July 23, 1986, order was an abuse of discretion. Instead, he argues that, in light of the changed circumstances, Judge Hoffman abused his discretion by striking the affidavit of plaintiff's expert witness and refusing to open discovery. This is an important distinction because the focus is not on whether the initial imposition of Rule 220 sanctions was proper, but whether the changed circumstances, *i.e.*, plaintiff's expert's willingness to testify and the continuation of the trial date from September 10, 1986, to March 12, 1987, warranted reopening of discovery in an effort to avoid summary judgment.

●■ As a general rule, a trial judge has a duty to review a prior order entered by another judge if changed facts or circumstances make the prior order unjust. (*Barliant v. Follett Corp.* (1977), 53 Ill. App. 3d 101, 368 N.E.2d 654; *rev'd on other grounds* (1978), 74 Ill. 2d 226, 384 N.E.2d 316.) Upon reviewing the prior order, the decision as to whether to reopen discovery rests in the sound discretion of the trial court and will not be disturbed absent a showing of abuse of discretion. (See *Buck v. Alton Memorial Hospital* (1980), 86 Ill. App. 3d 347, 407 N.E.2d 1067.) In the present case, the trial court's decision to strictly follow the prior order regardless of changed circumstances and not to reopen discovery resulted in the harsh penalty of summary judgment. It is well established that great caution should be used in granting summary judgment in medical malpractice cases, such as the one at bar, which invoke negligence, and if any sound basis exists to reject summary judgment in such an action, the trial court should do so. *Hill v. Lutheran Hospital* (1978), 58 Ill. App. 3d 1003, 347 N.E.2d 1147.

■ In the present case, we find that the cooperation of plaintiff's expert and the five-month extension for commencement of trial constituted a sufficient change in circumstances from those that existed when the Rule 220 sanctions were imposed to require the trial court, in the interests of justice, to reopen discovery and reject the harsh penalty of summary judgment. With respect to the late disclosure of plaintiff's expert witness, the reluctance of members of the medical profession to testify against each other is a well-recognized obstacle for plaintiffs in a medical malpractice action. (*Sanders v. Frost* (1969), 112 Ill. App. 2d 234, 251 N.E.2d 105.) Apparently, this was the obstacle faced by plaintiff in the present case. Initially, plaintiff was in compliance with the trial court's second discovery order requiring disclosure of experts by January 7, 1986. However, through no fault of his own, plaintiff's disclosed expert refused to testify. When plaintiff

was unable to locate a replacement by the July 23, 1986, pretrial conference, sanctions were imposed upon motion by defendants. Approximately one month later on August 26, 1986, defendants filed their motions for summary judgment predicated on plaintiff's lack of expert testimony. At that time, Dr. van der Horst changed his mind again and decided to testify. According to the record, the parties agreed to continue the trial date to March 12, 1987, allowing an additional six months for discovery. In light of these facts and circumstances, we find no evidence that plaintiff had acted in contumacious disregard of the trial court's orders to warrant summary judgment.

■ Further, plaintiff's ability to show at the time of the summary judgment hearing that he had an expert witness who could testify as to defendant's negligence has been recognized as grounds for avoiding summary judgment in medial practice actions. (See *Hill v. Lutheran Hospital* (1978), 58 Ill. App. 3d 1003, 374 N.E.2d 1147; *Sanders v. Frost* (1969), 112 Ill. App. 2d 234, 251 N.E.2d 105.) In the present case, Dr. van der Horst stated in his affidavit that, in his opinion: (1) the doctors had failed to exercise that degree of care of a reasonably qualified cardiologist; (2) proximate cause of plaintiff's injury was the use of excess force placed on plaintiff's arm during his seizure; and (3) the type of injury suffered by plaintiff does not occur during a catheterization procedure when reasonable and appropriate medical care is used. In our view, Dr. van der Horst's affidavit clearly demonstrated that he would testify as to defendants' negligence, thus precluding the entry of summary judgment.

■ We further note that the reopening of discovery once the trial date had been continued to March 1987 would not have thwarted the purpose of Rule 220. Rule 220 requires only that discovery regarding expert witnesses be completed not later than 60 days prior to trial. At the time of the summary judgment hearing, trial was over five months away. In addition, we find no evidence to indicate that defendants would have been prejudiced by reopening discovery. In fact, if discovery had been reopened, defendant Dixon would have had the opportunity to depose his own affiant, who had been barred because he had not been deposed, thereby rendering the filing of Dixon's amended motion unnecessary. Further, the hearing on that motion was continued to November 7, 1987, allowing an additional three weeks during which Dr. van der Horst could have been deposed.

■ In light of the changed facts and circumstances from the time Rule 220 sanctions were imposed to the summary judgment hearing and in the interests of justice, we conclude that the trial court abused its discretion in not vacating the July 23, 1986, order and reopening

discovery to allow the deposition of Dr. van der Horst and any other experts.

Finally, our decision that plaintiff should not be barred from presenting the expert testimony of Dr. van der Horst obviates the necessity to address plaintiff's contention that a lay person's testimony is sufficient with respect to the *res ipsa loquitur* count.

For the aforementioned reasons, the judgment of the circuit court of Cook County is reversed and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

BUCKLEY and MANNING, JJ., concur.