# Illinois Official Reports

## Appellate Court

---

**Smith v. Bhattacharya**, 2014 IL App (2d) 130891

---

| | |
|---|---|
| Appellate Court Caption | DAYTON B. SMITH, JR., Individually and as Special Administrator of the Estate of Leanne Johnson, Deceased, Plaintiff-Appellant, v. SUMOULINDRA T. BHATTACHARYA, M.D., and ROCKFORD HEALTH PHYSICIANS, Defendants-Appellees. |
| District & No. | Second District<br>Docket No. 2-13-0891 |
| Filed | May 9, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In a medical malpractice action where six years had passed since the death of plaintiff's decedent, four years had passed since the initial suit was filed and then nonsuited and the current suit was over two years old and plaintiff had still failed to disclose his expert witness, the trial court properly granted defendants' motion for summary judgment, even though the overall time for discovery had not passed and the trial date was six months later, since plaintiff failed to show any reasons why fairness would dictate that additional time should be allowed for him to disclose the required expert witness and there was nothing in the record to indicate that plaintiff would be able to do so. |
| Decision Under Review | Appeal from the Circuit Court of Winnebago County, No. 10-L-399; the Hon. J. Edward Prochaska, Judge, presiding. |
| Judgment | Affirmed. |

| Counsel on Appeal | Gregory E. Barrett, of Barrett & Gilbert, P.C., of Rockford, for appellant. |
| | |
| | David P. Faulkner, Michelle L. Landon, and Kevin T. Abbott, all of Faulkner Law Firm, LLC, of Rockford, for appellees. |
| | |
| Panel | JUSTICE JORGENSEN delivered the judgment of the court, with opinion. Justices Hudson and Birkett concurred in the judgment and opinion. |

**OPINION**

¶ 1    Plaintiff, Dayton B. Smith, Jr., individually and as special administrator of the estate of Leanne Johnson, appeals the trial court's order granting summary judgment in favor of defendants, Sumoulindra T. Bhattacharya, M.D., and Rockford Health Physicians. He contends that the trial court improperly granted summary judgment based on his lack of an expert when, although he had missed deadlines for disclosure of experts, the overall time for discovery had not passed and trial was still six months away. Because plaintiff did not show any circumstances under which fairness would dictate that he be allowed additional time and the record does not show that he had the ability to obtain an expert, we affirm.

¶ 2                                    I. BACKGROUND

¶ 3    On July 14, 2007, Johnson was first seen by defendants. On August 24, 2007, she died from advanced metastatic uterine and lung cancer. On August 21, 2009, plaintiff filed a medical malpractice suit against defendants. The suit did not include a report from a reviewing physician as required by section 2-622(a)(1) of the Code of Civil Procedure (735 ILCS 5/2-622(a)(1) (West 2008)). That provision provides a 90-day period to provide such a report and, on November 18, 2009, plaintiff voluntarily dismissed the suit without doing so. 735 ILCS 5/2-622(a)(2) (West 2008).

¶ 4    On November 18, 2010, plaintiff refiled the suit with a section 2-622 report from Dr. Allison Benthal. At plaintiff's deposition, it was discovered that plaintiff lived with Benthal and that they were engaged to be married.

¶ 5    On June 15, 2011, the court issued an emergency order of protection against plaintiff, prohibiting him from contacting or stalking defendants. A permanent order of protection was entered on June 30, 2011. Those orders were based on threats plaintiff made to defendants, requests to the State's Attorney to file manslaughter charges, requests to the Department of Professional Regulation to modify Bhattacharya's medical license, letters written to politicians, the handing out of pamphlets criticizing defendants, and the establishment of a

website attacking defendants' competence. Benthal also later obtained an emergency order of protection against plaintiff.

¶ 6     On December 27, 2012, the trial court set trial for January 6, 2014. The court entered a discovery schedule that required plaintiff to disclose his expert witnesses as required by Illinois Supreme Court Rule 213(f)(3) (eff. Sept. 1, 2008) by March 1, 2013. On February 11, 2013, plaintiff filed a motion to revise that order, and the court extended the disclosure deadline to May 6, 2013.

¶ 7     Plaintiff did not file the disclosures and, on May 29, 2013, defendants moved for summary judgment. The motion included Bhattacharya's deposition testimony that he complied with the standard of care. At a hearing, plaintiff's counsel stated that he had scheduled a meeting with an expert on June 21, 2013. The court then set a response date on the motion for summary judgment for June 26, 2013, and set the hearing on the summary judgment motion for July 30, 2013. At a later hearing, the court stated that it had done so to allow plaintiff the opportunity to present an expert in his response.

¶ 8     On June 28, 2013, plaintiff filed a response contending that it would be unfair to grant summary judgment and requesting an additional 30 days to make the required disclosures. Plaintiff argued that a grant of summary judgment would essentially be a sanction for failing to make timely disclosures. Plaintiff stated that previous discussions with the court had not focused on the disclosure of experts and that opposing counsel had indicated that the disclosure of an expert was less of a concern than getting other depositions completed. Plaintiff further noted that both his counsel and opposing counsel had tried another medical negligence case the previous month that had affected the schedules of their other cases. Finally, plaintiff argued that trial was still over six months away and that justice would not be served by granting the motion.

¶ 9     On July 30, 2013, plaintiff still had not disclosed an expert witness and had not provided any expert evidence in response to the motion for summary judgment. The court stated its reluctance to grant summary judgment and stated that, had plaintiff produced an affidavit stating that he had an expert, it probably would have granted him additional time, but he did not do so. The court noted that six years had passed since Johnson's death and that plaintiff had missed multiple opportunities to disclose an expert. Because the deadlines had passed and no expert was disclosed, the court granted summary judgment. Plaintiff appeals.

¶ 10                                  II. ANALYSIS

¶ 11     Plaintiff contends that summary judgment was inappropriately entered as a sanction for late discovery. He argues that there was no evidence that he willfully abused the discovery process and notes that the date of trial was still over six months away.

¶ 12     Summary judgment is appropriate where the pleadings, depositions, and admissions on file, together with any affidavits, when viewed in the light most favorable to the nonmovant, reveal that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *State Farm Fire & Casualty Co. v. Martinez*, 384 Ill. App. 3d 494, 497-98 (2008). Summary judgment is a drastic measure and should be granted only when the moving

party's right to judgment is clear and free from doubt. *Kyles v. Maryville Academy*, 359 Ill. App. 3d 423, 433-34 (2005). We review a grant of summary judgment *de novo. Martinez*, 384 Ill. App. 3d at 498. However, the trial court's conduct of discovery is reviewed for an abuse of discretion. *Ragan v. Columbia Mutual Insurance Co.*, 183 Ill. 2d 342, 352 (1998).

¶ 13     The Code of Civil Procedure allows a defendant to file a motion for summary judgment "at any time" (735 ILCS 5/2-1005(b) (West 2008)). Illinois Supreme Court Rule 213(f)(2) and (f)(3) (eff. Sept. 1, 2008) requires disclosure of expert witnesses. Under Illinois Supreme Court Rule 218(c) (eff. Oct. 4, 2002), the trial court sets dates for the disclosure of witnesses to ensure that discovery will be completed no later than 60 days before trial. Illinois Supreme Court Rule 219 (eff. July 1, 2002) lists various sanctions that may be imposed for a party's failure to comply with discovery. Here, the trial court did not specifically enter a sanction against plaintiff under Rule 219 for the failure to disclose an expert. Instead, it granted summary judgment on the basis that, without an expert, plaintiff could not prove his case.

¶ 14     "In order to recover for medical negligence, plaintiffs must establish the breach of a duty." *Rohe v. Shivde*, 203 Ill. App. 3d 181, 192 (1990). "Consequently, the well-settled general rule is that a plaintiff in a medical malpractice case must present expert testimony to establish all of the following: (1) the applicable standard of care against which defendant's actions may be measured; (2) defendant's deviation from the standard of care; and (3) that the defendant's deviation from the standard proximately caused the plaintiff's injury." *Id*. at 192-93. "Generally, expert testimony is needed to support a charge of malpractice because jurors are not skilled in the practice of medicine and would find it difficult without expert testimony to determine a lack of skill or care on the part of a physician." *Id*. "[W]here expert testimony is required to establish the applicable standard of care, it is well settled that the testimony of the defendant doctor may suffice to establish the standard." *Id*. "Illinois courts have also held that where a defendant doctor submits his own affidavit in support of a summary judgment motion, and in his affidavit asserts that he was familiar with the standard of care in the geographic location and that the treatment and care rendered by him was in compliance with that standard, 'and where the plaintiff has failed to bring forth evidence to the contrary even though afforded ample time to do so, then such an affidavit is sufficient for entry of summary judgment in favor of the physician.' " *Id*. (quoting *Taylor v. City of Beardstown*, 142 Ill. App. 3d 584, 600 (1986)). However, a plaintiff's ability to show at the time of the summary judgment hearing that he had an expert witness who could testify as to the defendant's negligence has been recognized as grounds for avoiding summary judgment in medical malpractice actions. *Cometo v. Foster McGaw Hospital*, 167 Ill. App. 3d 1023, 1030 (1988).

¶ 15     To support his argument that summary judgment was not appropriate, plaintiff relies primarily on *Cometo.* There, the plaintiff in a malpractice action initially named a witness as his medical expert. After the witness refused to testify at trial, the defendants filed a motion for summary judgment because the plaintiff had failed to offer competent expert testimony on the standard of care. The plaintiff filed a response stating that the witness had changed his mind and was now willing to testify. The defendants moved to strike the response as being a violation of discovery orders. The trial court struck the response and granted summary judgment in favor of the defendants. On appeal, the plaintiff argued that the trial court erred in

entering summary judgment, because changes in the circumstances warranted the reopening of discovery. Given the lack of abusive discovery practices on the plaintiff's part, the lack of any contumacious disregard of the court's orders, the fact that trial was over five months away, and the fact that there was no evidence that the defendants would be prejudiced by reopening discovery, the appellate court reversed the entry of summary judgment and reopened discovery to allow the plaintiff to disclose additional expert witnesses. *Id.*; see also *Smock v. Hale*, 197 Ill. App. 3d 732, 741-42 (1990) (change in circumstances warranted revision of discovery schedule, making summary judgment inappropriate when plaintiff had not abused the discovery process).

¶ 16    Likewise, in *Kubian v. Labinsky*, 178 Ill. App. 3d 191 (1988), the trial court dismissed a medical malpractice action for failure to comply with discovery orders. The plaintiff had missed multiple dates set for the disclosure of experts. The plaintiff then obtained an expert who later decided not to testify. After that, the plaintiff again missed various deadlines. During the process, the original attorney for the plaintiff left the law firm that was representing her. At the time of the dismissal, a trial date had not yet been set. The plaintiff filed a motion for reconsideration and sought time to obtain additional experts. A partner of the firm representing the plaintiff stated that the attorney who took over the case after the original attorney left was newly admitted and had failed to adequately present the facts of the case to the original expert. The partner contacted the expert and obtained an affidavit from the expert stating his opinion that the defendants were negligent. The trial court denied the motion, and the plaintiff appealed.

¶ 17    On appeal, the court discussed *Cometo* and noted the plaintiff's repeated noncompliance with discovery, but ultimately held that the noncompliance did not rise to the level of a deliberate, contumacious disregard for the trial court's authority so as to warrant dismissal of the action. *Id.* at 199-201. The court observed that the trial court had other means of enforcement at its disposal and could have imposed progressively harsher sanctions proportionate to the gravity of the violations to compel discovery rather than dispose of the litigation in the pretrial stage. The court further noted the lack of prejudice to the defendants. *Id.* at 201-02.

¶ 18    However, in *Bennet v. Raag*, 103 Ill. App. 3d 321, 327-28 (1982), where the record did not show that the plaintiff would have been able to obtain expert evidence, and where the plaintiff did not seek additional time to obtain expert evidence to avert summary judgment, summary judgment was appropriate. See also *Knight v. Haydary*, 223 Ill. App. 3d 564, 578-79 (1992) (disclosure of expert came more than six years after initial complaint, plaintiff failed to explain delay in obtaining the expert or to explain why cutoff dates set by the trial court were unduly burdensome, and there was no evidence of changed circumstances).

¶ 19    In *James v. Yasunaga*, 157 Ill. App. 3d 450, 459-60 (1987), the plaintiffs failed to comply with the court-ordered deadline for disclosure of expert witnesses, but included in their response to the defendant's summary judgment motion a report prepared by an expert. The trial court excluded the report because it was not timely submitted and granted the motion for summary judgment. On appeal, the plaintiffs argued in part that the overall deadline for court-ordered discovery was still a month away and that the trial date was three months away.

*Id*. at 457. The plaintiff further argued that the defendant would not be prejudiced by the late disclosure. The appellate court rejected those arguments, stating that, while the effect of the sanction was severe, the contentions were irrelevant if the discovery rules were to have any force or effect. *Id*.; see also *McGrath v. Evangelical Health Systems Corp.*, 229 Ill. App. 3d 310, 314 (1992) (the court found *Cometo* distinguishable when plaintiff failed to comply with five discovery orders and failed to disclose an expert until she filed a motion to vacate an order barring her from presenting expert testimony).

¶ 20    Here, unlike in *Cometo*, where the expert had a change of heart and became willing to testify, and unlike in *Kubian*, where an affidavit was eventually presented showing that an expert was willing to testify, plaintiff has never named an expert witness–not even his then-fiancée, who submitted the section 2-622 report–despite having been given multiple extensions of time to do so. Six years had passed since Johnson's death, four years had passed since the initial suit was filed and later nonsuited, and the current litigation had been ongoing for over two years. Plaintiff had ample opportunities to locate an expert. On one occasion plaintiff's counsel stated that he had set up a meeting with an expert, inducing the trial court to set the response date for the summary judgment motion late enough to allow for that meeting to take place. Yet plaintiff still never disclosed anyone. Even at the hearing on the summary judgment motion, the trial court noted that, had plaintiff named someone, it probably would have denied the motion and allowed additional time. There is ample authority for the proposition that, when the record lacks evidence that the plaintiff can obtain an expert, summary judgment is appropriate. That is the case here. Plaintiff did not provide evidence that he could obtain an expert, and the delays indicated that he was unable to do so.

¶ 21    Plaintiff argues that the time for discovery had not closed and that the trial date was over six months away, but the trial court set reasonable deadlines and gave plaintiff multiple opportunities to comply with them. We agree with the *James* court that, if the discovery rules are to have any force or effect, the time left before trial or for completing discovery must be viewed as irrelevant here. Plaintiff missed the deadlines and, as a result, did not have the necessary expert evidence to overcome defendants' motion for summary judgment. He did not show any circumstances under which fairness would dictate that he be allowed additional time, nor did he show any ability to obtain an expert in the additional time that he requested. Accordingly, we affirm.

¶ 22                                    III. CONCLUSION

¶ 23    The trial court properly granted defendants' motion for summary judgment. Accordingly, the judgment of the circuit court of Winnebago County is affirmed.

¶ 24    Affirmed.