2026 IL App (1st) 241968-U

No. 1-24-1968

First Division
February 23, 2026

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| DWIGHT BAXTER, as INDEPENDENT ADMINISTRATOR of the ESTATE of REGINALD BAXTER, deceased, | ) ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellant, | ) ) | |
| | ) | No. 22 L 1769 |
| v. | ) ) | |
| MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, SINAI HEALTH SYSTEM d/b/a MOUNT SINAI HOSPITAL, THE MOUNT SINAI COMMUNITY FOUNDATION, and WALDO HERRERA-NOVEY, M.D., | ) ) ) ) ) ) | Honorable Michael Otto, Kathy Flanagan, Maura Slattery Boyle, Judges, Presiding. |
| Defendants-Appellees. | | |

_____

JUSTICE COBBS delivered the judgment of the court.
Presiding Justice Fitzgerald Smith concurred in the judgment.
Justice Mikva dissented.

**ORDER**

¶ 1    *Held*:  The circuit court's order granting summary judgment in favor of defendants and its order closing discovery are both affirmed.

¶ 2    This appeal stems from a medical malpractice lawsuit arising out of an intracranial hemorrhage sustained by Reginald Baxter on September 1, 2016 while he was under the care of the defendants-appellees Mount Sinai Hospital Medical Center of Chicago, Sinai Health System, doing business as, Mount Sinai Hospital, The Mount Sinai Community Foundation, and Waldo Herrera-Novey, MD. Plaintiff-appellant Dwight Baxter, as independent administrator of the estate of Reginald, deceased, appeals from the circuit court's order closing discovery and the circuit court's grant of summary judgment in favor of defendants, arguing that the circuit court abused its discretion in closing discovery and setting this matter for trial. For the reasons that follow, we affirm.

¶ 3                                  I. BACKGROUND

¶ 4    Preliminarily, we note that a report of proceedings has not been included in the record in contravention of Illinois Supreme Court Rules 321 (eff. Oct. 1, 2021) and 323 (eff. July 1, 2017). Rule 321 requires that the record on appeal "include any report of proceedings prepared in accordance with Rule 323." Ill. S. Ct. R. 321. Rule 323 provides that a report of proceedings may be a transcript prepared by court reporting personnel or, if no verbatim transcript is available, an appellant may file a bystander's report or an agreed statement of facts instead. Ill. S. Ct. R. 323(c), (d). It is plaintiff's burden as the appellant "to present a sufficiently complete record of the proceedings" to support his claim of error. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984).

¶ 5    Although plaintiff asserts in his brief that, on December 4, 2024, an agreed statement of facts was filed in the circuit court, no such document can be found in the record and no supplemental record has been filed, despite plaintiff's stated intention to do so. Although plaintiff's appendix to his brief includes an agreed statement of facts, we must disregard that document as plaintiff has failed to supplement the record. See Ill. S. Ct. R 341(h)(9) (eff. Feb. Oct. 1, 2020); Ill.

S. Ct. R. 342 (eff. Oct. 1, 2019) (Rules 341(h)(9) and 342 require an appendix containing relevant materials from the record only); see also *Jones v. Police Board of City of Chicago*, 297 Ill. App. 3d 922, 930 (1998) ("attachments to briefs not otherwise before the reviewing court cannot be used to supplement the record"). Notwithstanding this failure, plaintiff inserts into his statement of facts alleged discussions from hearings before the court. Because there is no report of proceedings or acceptable substitute in the record, we will not consider any portions of plaintiff's brief setting forth oral statements made by the parties or the circuit court judge and any doubts arising from the incomplete record must be resolved against plaintiff. See *Foutch*, 99 Ill. 2d at 392.

¶ 6     On August 29, 2018, plaintiff filed his initial lawsuit against defendants for medical malpractice. After the case had been pending for 31 months with no action taken, the complaint was dismissed on March 19, 2021, for want of prosecution. Plaintiff did not seek to vacate the dismissal.

¶ 7     On February 22, 2022, plaintiff refiled his complaint, alleging medical negligence against defendants for failing to prevent Reginald from falling while a patient at the hospital, which resulted in injuries, and included claims for medical expenses, disability, disfigurement, pain and suffering, loss of chance of survival, and emotional trauma.

¶ 8     On August 3, 2022, the circuit court entered a case management order, which allowed the parties 26 months from the filing of the complaint to complete discovery, *i.e.* April 2024. Relevant here, the order required plaintiff to disclose Rule 213(f)(3) witnesses by October 16, 2023, and for the completion of depositions of those witnesses by December 15, 2023.

¶ 9     On February 13, 2024, plaintiff filed a motion for extension of time on existing case management deadlines. The motion stated that discovery had not progressed "due to competing trial schedules." Defendants objected to this motion, arguing that the October 16, 2023 witness

disclosure deadline had already passed and extending the deadlines would result in the parties being unable to complete discovery prior to the trial date.

¶ 10    On March 7, 2024, the parties appeared before Judge Michael Otto. In a written order, Judge Otto granted plaintiff's motion and extended the Rule 213(f)(3) witness disclosure date to September 2, 2024.

¶ 11    On April 26, 2024, the parties appeared before Judge Kathy Flanagan for a trial setting hearing. Judge Flanagan vacated the March 7, 2024 order, closed discovery, and set the case for trial on September 3, 2024. Plaintiff did not file a motion to reconsider the April 26 order.

¶ 12    On August 21, 2024, defendants filed a motion for summary judgment, arguing that plaintiff had no sworn expert testimony to render an opinion on the standard of care and causation as is required for a medical negligence action and plaintiff had not disclosed any witness who could do so. Plaintiff did not file a written response to the motion.

¶ 13    On September 3, 2024, Judge Maura Slattery Boyle granted summary judgment in favor of defendants, finding that plaintiff was unable to offer testimony from a qualified witness as to the standard of care and causation. Plaintiff did not file a motion to reconsider this order.

¶ 14    On October 1, 2024, plaintiff filed his notice of appeal.

¶ 15                                    II. ANALYSIS

¶ 16    On appeal, plaintiff contends that Judge Flanagan's April 26 order was a *sua sponte* discovery sanction against him for the "general failure of all parties to progress with discovery to the satisfaction of the trial court." According to plaintiff, the order prohibited him from meeting his burden of proof and resulted in defendants "being gifted summary judgment despite their own lack of diligence in proceeding with discovery." Thus, plaintiff requests that this court vacate both

the April 26 order and the entry of summary judgment in favor of defendants and remand to the circuit court, allowing the parties to complete discovery.

¶ 17    Summary judgment is appropriate where the pleadings, depositions, and admissions on file, together with any affidavits, when viewed in the light most favorable to the nonmovant, reveal that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *State Farm Fire & Casualty Co. v. Martinez*, 384 Ill. App. 3d 494, 497-98 (2008). Summary judgment is a drastic measure and should only be granted where the moving party's right to judgment is free and clear from doubt. *Smith v. Bhattacharya*, 2014 IL App (2d) 130891, ¶ 12. We review a grant of summary judgment *de novo*. *Id.*

¶ 18    In medical malpractice actions, the plaintiff has the burden of proving: "(1) the proper standard of care by which to measure the defendant's conduct, (2) a negligent breach of the standard of care, and (3) resulting injury proximately caused by the defendant's lack of skill or care." *Higgens v. House*, 288 Ill. App. 3d 543, 546 (1997). Generally, a *prima facie* case of medical negligence requires expert testimony "to establish the applicable standard of care, a deviation from the standard, and the resulting injury to the plaintiff." *Id.* Thus, where a plaintiff fails to present any expert testimony of a violation of the appropriate standard of care, summary judgment is proper. *Smith*, 2014 IL App (2d) 130891, ¶ 20.

¶ 19    Plaintiff concedes that summary judgment was appropriate, and we agree that it was, as plaintiff had not presented any expert testimony to prove any of the elements of his medical malpractice action. *Rohe v. Shivde*, 203 Ill. App. 3d 181, 198 (1990) (summary judgment proper where the plaintiff failed to present any expert testimony that the doctor did not comply with the standard of care and that such non-compliance resulted in the injuries alleged). However, plaintiff challenges the circuit court's April 26, 2024, order closing discovery, which he claims prevented

him from obtaining the evidence necessary to survive summary judgment. The circuit court has discretion over the conduct of discovery, and absent an abuse of that discretion, a reviewing court will not overturn a circuit court's ruling related to discovery. *Ragan v. Columbia Mutual Insurance Co.*, 183 Ill. 2d 342, 352 (1998). An abuse of discretion occurs only where the court's ruling is arbitrary, fanciful, or unreasonable, or where no reasonable person would adopt the court's review. *Payne v. Hall*, 2013 IL App (1st) 113519, ¶ 10.

¶ 20    Illinois Supreme Court Rule 213(f) (eff. Jan. 1, 2018) requires the identification of witnesses who will testify at trial. Specifically, subsections (f)(2) and (f)(3) require the disclosure of any expert witnesses, as well as the subjects on which they will testify and their opinions and the bases therefor. Ill. S. Ct. R. 213(f)(2), (3). Pursuant to Illinois Supreme Court Rule 218(c) (eff. Feb. 2, 2023), the circuit court must hold a case management conference to set discovery deadlines and is required to set dates that ensure that all discovery, including the disclosure of witnesses is completed "not later than 60 days" before trial. Finally, Illinois Supreme Court Rule 219 (eff. July 1, 2002) contains various sanctions that the circuit court may impose on parties for failing to comply with discovery deadlines and the rule "affords a trial judge broad discretion in fashioning a sanction appropriate under the specific circumstances." *Locasto v. City of Chicago*, 2014 IL App (1st) 113576, ¶ 26. Under section (c), failure to comply with the rules of discovery or an order entered by the court related to discovery may result in, *inter alia*, default judgment or dismissal of a claim or the entire action. Ill. S. Ct. R. 219(c)(v) (eff. July 1, 2002). We also note that section (e) states that "[i]n establishing discovery deadlines and ruling on permissible discovery and testimony, the court shall consider discovery undertaken (or the absence of same), any misconduct, and orders entered in prior litigation involving a party." Ill. S. Ct. R. 219(e).

¶ 21    Here, plaintiff's initial action, which was filed in August 2018, was dismissed in March 2021 for want of prosecution. He refiled his complaint a year later on February 22, 2022. The circuit court entered a case management order, requiring discovery to be completed by April 2024. In particular, plaintiff was required to complete his expert witness disclosure by October 2023 and to take expert witness depositions by December 2023. Plaintiff did neither. Neither did he request an extension prior to the October 2023 deadline. Instead, in February 2024, he then sought an extension of time for the already past discovery deadline. Further, with the exception of presenting himself for defendants' deposition, neither did he complete any other discovery. Although in March 2024, Judge Otto granted plaintiff an extension until September 2024, Judge Flanagan vacated that order and closed discovery in April 2024. Again, plaintiff filed no motion for reconsideration of Judge Flanagan's order.

¶ 22    Plaintiff can only prevail in this appeal if we find that Judge Flanagan abused her discretion. We are mindful of more than a few factors in addressing plaintiff's claimed trial court error. First and foremost, Judge Flanagan's order vacating Judge Otto's order and closing discovery, entered just a few weeks after Judge Otto's order, gives us pause. However, and although not dispositive, the trial judges' management of plaintiff's discovery here is not our only concern. We consider, as we must, that an important goal for every judge is the swift and efficient termination of litigation, albeit preferably on the merits. To that end, judges are afforded wide discretion over the management of their court dockets. Of equal importance is the practical effect of noncompliance with discovery for plaintiffs and defendants alike.

¶ 23    Even so, the proper disposition of plaintiff's claim requires our review of the record on appeal, inclusive of any transcripts of the relevant proceedings. However, plaintiff simply did not provide a transcript of those proceedings before the circuit court or an acceptable substitute. We

again acknowledge plaintiff's inclusion of an agreed statement of facts in the appendix to his opening brief. However, as our supreme court has recently reaffirmed, "[i]f pleadings, exhibits, or other materials are not in the record, they may not be placed before a reviewing court in an appendix." *Waukegan Hospitality Group, LLC v. Stretch's Sports Bar & Grill Corporation*, 2024 IL 129277, ¶ 20 (citing Ill. S. Ct. R. 342 (eff. Oct. 1, 2019)). Thus, absent the transcript, left unanswered are the reasons supporting either judge's orders; reasoning about which we must refrain from speculating.

¶ 24    The dissent posits that "should we feel it necessary to have this stipulation made part of the record," this court could order plaintiff to file the agreed statement of facts with the circuit court, have that court transmit the statement to the clerk of this court, and then order plaintiff to file a motion to supplement the record. In that regard, we find noteworthy that prior to filing the record in this case, plaintiff filed in this court a motion for extension of time to file his statement of facts. We granted the motion for extension of time and further, in that same order, directed that "[t]he Report of Proceedings is due on or before December 4, 2024. The Statement of Facts must be filed with the Clerk of the Circuit Court, not with the appellate court." Notwithstanding the extension of time and clear direction from this court, no statement of facts appears to have been filed.

¶ 25    Nevertheless, at this stage of the litigation, the practical effect of proceeding in the manner suggested by the dissent is to engage this court in aiding one party to the litigation. We believe that to do so runs contrary to the well-established principle that the reviewing court should not serve as an advocate for a litigant unless justice so requires. *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976). We have no obligation either to act as an advocate or to seek error in the record. *U.S. Bank v. Lindley*, 397 Ill. App. 3d 437, 459 (2009). Based on the record before us, we do not believe justice requires departure from our traditional

role as the reviewing court particularly where: (1) in the court below, plaintiff indisputably failed to demonstrate any interest in proving his own case or complying with court orders, (2) plaintiff was admittedly aware of his burden to provide a complete record to this court on appeal and (3) pursuant to this court's December 2024 order, plaintiff was given clear direction concerning filing of the requisite statement of facts. See *Scatchell v. Board of Fire and Police Commissioners for Village of Melrose Park*, 2022 IL App (1st) 201361, ¶ 111 (where the reviewing court declined to take judicial notice of a FOIA response attached to one of the parties' briefs where there was no motion to supplement the record); *In re Parentage of Melton*, 321 Ill. App. 3d 823, 826 (2001) (ignoring improperly appended documents); *McGee v. State Farm Fire and Casualty Co.*, 315 Ill. App. 3d 673, 679 (2000) (declining to consider a hearing transcript included in the plaintiff's appendix to his brief where it was not included in the record on appeal and there was no motion to supplement the record). Because there is no record of any proceedings before the circuit court, we must presume that the court's order was in conformity with the law and had a sufficient factual basis. See *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 156-57 (2005). Accordingly, we conclude that Judge Flanagan's order was not an abuse of discretion.

¶ 26     Plaintiff's initial action had been dismissed for failure to take any action in the case for 31 months. In the refiled action, over a period of 26 months, only one deposition had been taken, at defendants' request, and plaintiff had not made any expert witness disclosures. Plaintiff did not request an extension of the discovery deadlines until February 2024, nearly 18 months after the initial case management order was entered and more than three months after the expert witness disclosure deadline had passed. In that motion, plaintiff's counsel asserted that competing trials resulted in his failure to progress discovery in this case. Otherwise, plaintiff provides no explanation for his consummate failure to prosecute his case for over a total of 57 months, and he

has never advised the circuit court or this court, for that matter, that he has secured an expert witness. See *Ashcraft v. Rockford Memorial Hospital*, 2021 IL App (2d) 190860-U (summary judgment affirmed where the alleged negligence occurred five years prior, the current litigation had been pending for three years, the plaintiff failed to disclose an expert witness after given multiple opportunities to do so, the plaintiff did not request an extension prior to the initial deadline, the plaintiff failed to explain the difficulty in finding an expert, and the plaintiff failed to respond to the summary judgment motion); *Knight v. Haydary*, 223 Ill. App. 3d 564, 578-79 (1992) (trial court did not abuse its discretion in barring expert testimony where the disclosure came six years after the initial complaint was filed, the plaintiff never explained his delay, and the plaintiff did not contend that the trial court's discovery deadlines were unfair or unduly burdensome). Additionally, plaintiff never filed any motion to reconsider or to vacate the circuit court's orders. Although not necessarily relevant to the issue of discovery, plaintiff's failure to seek reconsideration lends credence to the perception of a lack of diligence and effort in pursuing this action.

¶ 27    Overlooking for the moment our concerns over Judge Flanagan's vacatur of Judge Otto's order, it otherwise appears that the trial court's April 26, 2024, order was a reasonable exercise of its authority to control discovery, prevent undue delay, and manage its docket. Simply put, plaintiff's case was going nowhere, and the court was under no obligation to grant plaintiff an extension where there was no reason to believe plaintiff would suddenly, after 57 months of failing to progress his own lawsuit, exercise due diligence in completing discovery on an expedited timeline. In sum, we cannot say that "no reasonable person would take the view adopted by the trial court." *Bankers Life & Casualty Co. v. American Senior Benefits, LLC*, 2017 IL App (1st) 160687, ¶ 83.

¶ 28 Nonetheless, plaintiff cites *Anglin v. Carle Foundation Hospital*, 2021 IL App (4th) 200322-U, in his opening and reply briefs for support of his argument. We note initially that *Anglin* is a nonprecedential Rule 23 order, which may be cited for persuasive purposes only. That said, in *Anglin*, a medical malpractice lawsuit, the plaintiff failed to file expert witness disclosures by the requisite date and a month later the defendant filed a motion for summary judgment. *Id.* ¶ 2. The circuit court denied the plaintiff's request for an extension, found that the plaintiff had failed to show good cause, and granted summary judgment in favor of the defendants. *Id.* On appeal, the Fourth District of this court reversed the circuit court's judgment. *Id.* The court first concluded that the circuit court wrongly considered Rule 218 in making its decision, rather than Rule 219, which is applicable to discovery sanctions. *Id.* ¶ 34. After considering discovery sanction factors, as set out in *Shimanovsky v. General Motors Corp.,* 181 Ill. 2d 112, 124 (1998), the court then found that the sanctions were unreasonable where the plaintiff had not acted in bad faith, this was the plaintiff's first violation of the discovery order, the plaintiff had not previously sought an extension, trial was not set to begin for another year, and the parties had exchanged written discovery, taken numerous depositions, and engaged in extensive motion practice already. *Id.* ¶¶ 45-47. We do not find the facts in *Anglin* analogous. Here, plaintiff has not engaged in *any* motion practice or conducted *any* discovery in two years, and plaintiff already had his initial action dismissed for want of prosecution. Thus, in our case, the circuit court had no reason to believe that plaintiff would comply with any discovery order or progress the action at all.

¶ 29 We additionally distinguish this case from others where the closure of discovery or denial of an extension was found to be an abuse of discretion. First, in *Cometo v. Foster McGraw Hospital*, 167 Ill. App. 3d 1023, 1026 (1988), the plaintiff disclosed an expert witness after being given an extension; however, that expert subsequently refused to testify on the plaintiff's behalf.

The plaintiff was given another opportunity to disclose an expert witness and failed to do so. *Id.* The defendants filed a motion for summary judgment. *Id.* To his response, the plaintiff attached an affidavit of his previously disclosed witness who had now agreed to testify on the plaintiff's behalf. *Id.* at 1027. The circuit court struck the affidavit and granted the defendants' motion. *Id.* On appeal, the reviewing court reversed, finding that the circumstances had changed because the plaintiff's expert had agreed to testify and the expert's initial refusal could not be attributed to the plaintiff. *Id.* at 1029-30. In contrast, here, plaintiff did not provide the circuit court or this court with any changed circumstances which would render the court's decision to close discovery unjust. Additionally, and most significantly, at no point in this litigation has plaintiff ever identified any potential expert witness.

¶ 30    Second, in *Kubian v. Labinsky*, 178 Ill. App. 3d 191, 192 (1988), the circuit court dismissed the plaintiff's medical malpractice action against the defendant as a sanction for failure to comply with discovery orders. The plaintiff had missed several discovery deadlines for disclosing witnesses. At some point, the plaintiff alerted the court that it had identified an expert witness, and the court granted another extension. *Id.* at 193. The plaintiff again failed to comply and later informed the court that the expert had decided not to testify at trial. *Id.* at 194. Then, around the time that the defendant filed the operative motion to dismiss, the plaintiff's attorney left the employ of the plaintiff's law firm. *Id.* at 195. After allowing the plaintiff additional time to respond to the motion, the trial court granted the motion to dismiss. *Id.* The plaintiff filed a motion to reconsider, stating that the subsequent attorney assigned to the case had inadequately presented the facts to potential experts and subsequently the originally identified expert witness was apprised of the correct facts and submitted an affidavit of his opinion, which was attached to the motion. *Id.* at 195-96. The trial court denied the motion. *Id.* at 196.

¶ 31     On appeal, this court reversed the dismissal. *Id.* at 202. In doing so, the court noted the plaintiff's repeated noncompliance with discovery order but ultimately found that the noncompliance "did not rise to the level of deliberate, contumacious disregard for the court's authority[.]" *Id.* at 201. This conclusion was based on the various extenuating circumstances that had occurred throughout the litigation. *Id.* Like in *Cometo*, the appellate court's reversal was based on changes in circumstances that had occurred in the court below, which rendered dismissal unwarranted. Here, plaintiff never identified any expert witness and there were no extenuating circumstances whatsoever to excuse plaintiff's dilatory conduct.

¶ 32     We next reject plaintiff's contention that, even with the September trial date set by Judge Flanagan, there was sufficient time between March and September to complete discovery. Pursuant to Rule 218(c), all discovery would have needed to be completed in July, which means the parties would have had about two months to prepare depositions for yet unidentified individual(s). See Ill. S. Ct. R. 218(c) (eff. Feb. 2, 2023) (providing that discovery must be completed "not later than 60 days" before trial).

¶ 33     The Second District of this court rejected a similar argument in *Smith v. Bhattacharya*, 2014 IL App (2d) 130891. There, following a voluntary dismissal, the plaintiff refiled his medical malpractice lawsuit in November 2010. *Id.* ¶¶ 3-4. The plaintiff failed to comply with the discovery schedule and by May 2013, he still had not disclosed an expert witness. *Id.* ¶ 7. Soon after, the defendants filed a motion for summary judgment, and the circuit court granted it in July 2013. *Id.* ¶¶ 7-9. In doing so, the circuit court stated that had the plaintiff produced an affidavit of an expert witness at the summary judgment hearing, the court likely would have granted him additional time. *Id.* ¶ 9. On appeal, the Second District of this court found that the grant of summary judgment was not a sanction and affirmed the circuit court. *Id.* ¶¶ 13, 23. The court pointed out that six years had

passed since the alleged negligence, litigation in the refiled suit had been ongoing for nearly three years, and the plaintiff had not provided any evidence that he was able to retain an expert witness. *Id.* ¶ 20. The court also specifically rejected the argument that the trial was still six months away at the time summary judgment was granted because the circuit court had "set reasonable deadlines and gave plaintiff multiple opportunities to comply with them." *Id.* ¶ 21. Additionally, it emphasized that, "if the discovery rules are to have any force or effect, the time left before trial or for completing discovery must be viewed as irrelevant[.]" *Id.* See also *James by James v. Yasunaga*, 157 Ill. App. 3d 450, 457 (1987) (supporting the trial court's enforcement of its discovery schedule and rejected the plaintiffs' contention that trial was still three months away as "irrelevant" if a disclosure schedule is "to have any force or effect"). Here, the trial date may have been six months away, but plaintiff had six years to obtain an expert witness and had failed to do so.

¶ 34    We also disagree with plaintiff's efforts to place any onus on defendants to complete discovery. Defendants had no obligation to complete discovery and did not violate any deadlines. As defendants aptly explain, they are not responsible for advancing a lawsuit against themselves. Because plaintiff never deposed any of the defendants, any medical providers, or any expert witnesses, there was no need for defendants to seek any further discovery where plaintiff had yet to introduce any evidence of medical negligence or causation. Thus, we will not impute any responsibility for the lack of progress to defendants, where the responsibility fell solely on plaintiff.

¶ 35    The dissent would find Judge Flanagan's order vacating Judge Otto's order improper based on the principle that a successor judge should not revise discovery rulings unless there has been a

change of circumstances or additional facts were proffered to warrant such action. See *Balciunas v. Duff*, 94 Ill. 2d 176, 188 (1983). Specifically, our supreme court stated:

> "As we have noted, in previous cases this court has indicated that prior interlocutory rulings should be modified or vacated by a successor judge only after a careful consideration. In the context of discovery, where abuse is said to be widespread and delay phenomenal, we think it is particularly appropriate for a judge before whom a motion for reconsideration is pending to exercise considerable restraint in reversing or modifying previous rulings. This is especially true if there is evidence of 'judge shopping' or it is apparent that a party is seeking, for delay or abusive purposes, a reconsideration of prior rulings." (Citations omitted.) *Id.* at 187-88.

As this court in *McCaley v. Petrovic*, 2024 IL App (1st) 230918, ¶ 74, pointed out, a successor judge may also "undo a discretionary ruling by a predecessor judge" where the decision was erroneous as a matter of law.

¶ 36    We agree with the dissent that there is nothing about Judge Otto's order that suggests it was erroneous as a matter of law. However, for a reviewing court to determine whether the successor judge demonstrated careful consideration of the motion, whether there was evidence of judge shopping, whether the party seeking reconsideration was acting in bad faith, or whether the successor judge was confronted with additional facts or changed circumstances, a complete record must be provided. Such a determination may only be made on the specific facts and circumstances presented to both the original judge and the successor judge. As we have attempted to make clear, the record in this case is not complete and is insufficient to make such a determination. Absent the same, we cannot conclude that Judge Flanagan's order was violative of the principles pronounced in *Balciunas*. Our review of the record, excluding the improperly appended statement of facts,

demonstrates that additional facts were presented to Judge Flanagan. Namely, that in nearly two months since the case management order was extended by Judge Otto, plaintiff had only managed to issue subpoenas to the doctor and nurse involved in the alleged medical negligence. Yet additional evidence of plaintiff's indifference to timely completing discovery.

¶ 37    The dissent notes that, based upon her review of the stipulation, there was no proper basis for Judge Flanagan to vacate Judge Otto's order and, as a result, "plaintiff had no ability to meaningfully respond to the defendants' motion for summary judgement, since he had no opportunity to name an expert."

¶ 38    We are neither unmindful nor are we insensitive to the consequences, sometimes harsh, which flow from a party's non-compliance with our supreme court's rules. Many a case has been dismissed or issues forfeited for a litigant's failure to properly present their arguments on appeal. Even so, as a lower court, we are no less bound to comply with supreme court rules than are the parties who appear before us. Accordingly, as the stipulation was not, by plaintiff's own omission, made a part of the record, we may not consider it. For that same reason, we think it presumptuous to state that no additional facts were presented to Judge Flanagan. Nothing in that portion of the record that is properly before us is sufficient to support that presumption.

¶ 39    Plaintiff contends that Judge Flanagan's April 26, 2024 order was in effect a discovery sanction, a contention with which the dissent agrees. Even were we to consider the order a sanction pursuant to Rule 219(c), reversal is only available where there has been a clear abuse of discretion. *Shimanovsky*, 181 Ill. 2d at 123. We once again point out that Judge Flanagan's specific reasons for closing discovery are not a part of the record on appeal. Because plaintiff has presented an insufficient record, we may only conclude that Judge Flannagan's order was in conformance with the law and had sufficient basis.

¶ 40    For the foregoing reasons, we do not find that the circuit court's April 26, 2024 order closing discovery was an abuse of discretion and its grant of summary judgment in favor of defendants is therefore affirmed.

¶ 41                                   III. CONCLUSION

¶ 42    For the reasons stated, we affirm the judgment of the circuit court.

¶ 43    Affirmed.

¶ 44    Mikva, J., dissenting.

¶ 45    As the majority understands, what we are reviewing in this case is Judge Flanagan's order of April 28, 2024, that vacated Judge Otto's order of March 7, 2024, which had given the plaintiff until September 2, 2024, to make his Rule 213(f) disclosures. Once that order was vacated, plaintiff had no ability to meaningfully respond to the defendants' motion for summary judgment, since he had no opportunity to name an expert. It was on that basis alone that the defendants sought summary judgment, and the circuit court had no choice but to grant their motion. I disagree with the majority that this order by Judge Flanagan was anything but a clear abuse of her discretion.

¶ 46    Our supreme court has made it clear that: "a successor judge, before whom the case has been assigned, should revise or modify previous discovery rulings only if there is a change of circumstances or additional facts which warrant such action." *Balciunas v. Duff*, 94 Ill. 2d 176, 188 (1983). In this case, Judge Flanagan vacated an order by another judge that had extended the time for the plaintiff to make his Rule 213(f) disclosures, with no change in circumstances, additional facts, or other basis that would warrant such an action.

¶ 47    Plaintiff's counsel had obtained an order from Judge Michael Otto, on March 7, 2024, giving him until September 2, 2024, to make his Rule 213(f)(3) disclosures. Illinois Supreme Court Rule 183 expressly provides that an extension may be sought after a previously set time limit has

expired. Ill. S. Cr. Rule 183 (eff. Feb. 16, 2011) ("The court, for good cause shown on motion after notice to the opposite party, may extend the time for filing any pleading or the doing of any act which is required by the rules to be done within a limited period, either before or after the expiration of the time.") Thus, this is not a situation in which Judge Otto's order was erroneous as a matter of law, such that Judge Flanagan would certainly have been correct to disregard it. See, *e.g, McCaley v. Petrovic,* 2024 IL App (1st) 230918, ¶ 74 (distinguishing *Balciunas* on that basis).

¶ 48     There is no transcript of the hearing before Judge Flanagan, but the record reflects no change in circumstances or additional facts to warrant such an action. The majority correctly points out (*supra* ¶ 4) that the burden was on plaintiff to provide a complete record. However, counsel for the plaintiff and counsel for one group of defendants stipulated to an agreed statement of facts as to what occurred in this case, beginning with their appearance before Judge Otto, continuing with their appearance before Judge Flanagan, and concluding with their appearance before Judge Slattery Boyle, who ruled on the motion for summary judgment. Counsel for both the plaintiff and the other group of defendants relied on that stipulation in their briefs. While I agree with the majority (*supra* ¶¶ 4-5) that by attaching this stipulation to his appendix without making it part of the record on appeal, the plaintiff did not follow our supreme court rules, those rules clearly provide that in the absence of a transcript, the parties may rely on a written stipulation of facts. Ill. S. Ct. R. 323(d) (eff. July 1, 2017). While I do not think these agreed facts are necessary to determine the outcome of this case, my review of this stipulation confirms that there was no proper basis for Judge Flanagan to vacate Judge Otto's order.

¶ 49     According to the stipulated facts, the only change between March 7, 2024, when Judge Otto extended the time for making Rule 213(f) disclosures, and April 28, 2024, when Judge Flanagan vacated that order, was that on March 8, 2024, plaintiff's counsel requested dates for the

deposition of Dr. Novey and a hospital nurse. Thus, plaintiff's counsel was at least making a start at undertaking the discovery that he had been so dilatory with respect to in beginning. The stipulation also says that plaintiff's counsel told Judge Flanagan that by closing Rule 213(f) discovery she had "effectively barred Plaintiff from being able to put forth a prima facie case." Plaintiff had "requested even a short date to disclose 213(f) witnesses that would allow for completion of discovery in advance of the September 3, 2024 trial date," but, according to the stipulation, "Judge Flanagan denied that request, stating that the parties should mediate the case."

¶ 50     I note that if the majority feels it necessary to have this stipulation made part of the record in order to resolve this case, we can certainly order the plaintiff to file these stipulated facts in the circuit court, have that court transmit them to the clerk of this court, and then require the plaintiff to file a motion to supplement the record with this stipulation.

¶ 51     On appeal, plaintiff makes a different but also compelling argument in support of his claim that Judge Flanagan's order was an abuse of discretion. His argument is that the order was in effect a sanction barring him from putting on his case, that such an extreme sanction " 'should only be employed as a last resort and after all the court's other enforcement powers have failed to advance the litigation' " (*Anglin v. Carle Foundation Hospital*, 2021 IL App (4th) 200322-U, ¶ 37 (quoting *Shimanovsky v. General Motors Corp.*, 181 Ill. 2d 112, 123 (1998)), and that it will be proper " 'only in those cases where the party's actions show a deliberate, contumacious or unwarranted disregard of the court's authority.' " *Id.* ¶ 37 (quoting *Stringer v. Packaging Corp. of America*, 351 Ill. App. 3d 1135, 1138 (2004)).

¶ 52     *Anglin*, which, as the majority notes (*supra* ¶ 28), is a nonprecedential Rule 23 order, involves a scenario similar to but less extreme than the one presented here. In *Anglin*, the plaintiff did not even seek an extension of time to make his Rule 213(f) disclosures until the defendants

filed their motion for summary judgment arguing, as defendants did here, that plaintiff could not prove his case without an expert. *Id.* ¶ 2. In *Anglin* there was no order in place from another judge granting an extension of time to make Rule 213(f) disclosures. Rather, the claim was that the circuit court had abused its discretion in denying such an extension. *Id.*

¶ 53 This court found that because the circuit court's denial of the extension of time had the effect of barring the plaintiff from presenting his case, the order had to survive review as a discovery sanction. *Id.* ¶ 34. Viewed in that light, under well settled principles that such a fatal sanction should only be utilized in extreme circumstances, we found the denial of the extension to be an abuse of discretion. *Id.* ¶ 47.

¶ 54 In my view, it does not matter whether we view this as a discovery sanction or simply a new scheduling order on discovery that contravened the discovery order of a predecessor judge. The time that Judge Otto had given the plaintiff to make his Rule 213(f) disclosure was simply eviscerated. The result, as the defendants put it in their motion for summary judgment, was that "Plaintiff ha[d] no viable way to contest [their] motion or to present a *prima facie* claim for medical negligence to a jury." That was not the right result, regardless of Judge Flanagan's understandable frustration with plaintiff counsel's speed at prosecuting this case. I respectfully dissent.